## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARY CARR, *et al.* | : | CIVIL ACTION NO. |
| *Plaintiffs* | : | 3:00 CV 1050 (AWT) |
| | : | |
| v. | : | |
| | : | |
| PATRICIA WILSON-COKER, in her | : | |
| official capacity as Commissioner of the | : | FEBRUARY 6, 2004 |
| State of Connecticut Department of Social | : | |
| Services, | : | |
| *Defendant* | : | |

### JOINT MOTION FOR A STIPULATED PROTECTIVE ORDER (BENECARE)

WHEREAS, the plaintiffs have brought the above-titled action against the defendant

Patricia Wilson-Coker to challenge alleged violations of their rights to access to dental health

care under the federal Medicaid Act; and

WHEREAS, the plaintiffs are certified under Rule 23 of the Federal Rules of Civil

Procedure as a class consisting of all individuals in Connecticut who are or will be eligible for

Medicaid managed care HUSKY A benefits, and are or will be seeking dental health services;

and

WHEREAS,  a subclass has also been certified consisting of all children in Connecticut

who are now or will be under the age of 21, are or will be seeking dental health services, and are

or will be eligible for Medicaid managed care HUSKY A benefits; and

WHEREAS, the plaintiffs have sought production of documents related to the

defendant's proposed "carve-out" of dental services from Medicaid managed care, including

proposals of bidders in response to a Request for Proposals that was issued by the Department of

Social Services and the Office of the State Comptroller (hereinafter "RFP"); and

WHEREAS, the RFP requires each bidder to describe how the bidder would fulfill its administrative responsibilities under the proposed contract related to the establishment and maintenance of a dental services network in the Medicaid fee for service program; and

WHEREAS, Section I, 17 of the RFP contemplates that bidders may submit confidential, proprietary information in their proposals, and provides that the bidder may identify the portions of their bid that contains information that the bidder considers to be proprietary; and

WHEREAS, each of the bidders has, in accordance with the RFP, designated portions of their proposal as constituting confidential, proprietary information; and

WHEREAS, the defendant has objected to plaintiffs' request for production on a number of grounds, including on the basis that the bidders' proposals contain commercial information which may be exempted from the disclosure, or that the information produced may be subject to appropriate protective orders in accordance with Rule 26; and

WHEREAS, the plaintiffs have disputed the legitimacy of the defendant's objections to production; and

WHEREAS, in order to facilitate the prompt resolution of the dispute over discovery and to ensure that protection is afforded to information that constitutes confidential trade secrets, the plaintiffs, the defendant, and the third-party bidders identified below hereby agree to the entry of the following protective order; and

WHEREAS, the parties have entered into a previous protective order with this bidder (August 10, 2001); and

WHEREAS, nothing in this order, which governs only the disclosure of materials concerning the defendant's dental "carve-out" RFP, shall have any legal effect upon the previous order:

2

IT IS THEREFORE ORDERED, pursuant to this Court's authority under the Federal Rules of Civil Procedure § 26(c) and with the consent of the parties, that the following procedures designed to assure the protection of "Confidential" proprietary information shall govern throughout any discovery, pretrial proceedings, settlement negotiations, preparation for trial, conduct of trial, and on appeal.

I.    Definitions

1.    The terms "signatory" and "signatories" shall mean those persons who have signed this stipulated protective order or agreed, in writing, to abide by its terms, shall include those persons who may, after the execution of this order, enter an appearance in the above-entitled action and shall also include the plaintiffs in the instant action, the defendant, and the third-party bidder identified below, and all officers, agents, employees or successors of the plaintiffs, the defendant, and the third-party bidder.

2.    The terms "party" or "parties" shall mean the plaintiffs or the defendant in the above-entitled action.

3.    The term "Confidential" shall only be used to designate the following types of information contained in the response of the third-party bidder to the defendant's RFP.

a.    Trade secrets, research, development or commercial information, as used in Rule 26(c)(7) of the Federal Rules of Civil Procedure, to refer to information, the disclosure of which would adversely affect or prejudice the business or competitive position of the third-party bidder. For the purposes of this protective order, these portions of the third-party bidder's proposal  that was submitted in response to the Department's RFP which were identified by the bidder in the proposal as containing proprietary information shall be conclusively presumed to

3

contain confidential information, the disclosure of which is restricted in accordance with the terms of this protective order.

4.    The term "third-party bidder" for purposes of this order means Dental Benefit Management, Inc., d/b/a BeneCare Dental Plans.

II.    Designation of "Confidential Information

5.    Designation of information as "Confidential" is as designated by the third-party bidder in its proposal that was submitted in response to the RFP that was issued by the Department of Social Services.

6.    If "Confidential" information is contained in a proposal which also contains non-"Confidential" information and the "Confidential" information is sufficiently segregated from non-"Confidential" information in the document such that non-"Confidential" information can be disclosed without disclosure of the "Confidential" information, only the information within the document that has been designated as "Confidential" shall be treated as confidential and the disclosure of the remaining non-"Confidential" portions of the document shall not be prohibited in any fashion. Redaction of "Confidential" information from document containing non-"Confidential" information shall be considered one method by which "Confidential" information will be considered sufficiently segregated from non-"Confidential" information for the purposes of this paragraph. The use of any non-"Confidential" information contained in that document shall be permitted in the course of discovery, pretrial proceedings, settlement negotiations, preparation for trial, and on appeal including, but not limited to, depositions of: employees and former employees of the third-party bidder , the defendant or her agents, officers, and employees and the plaintiffs' expert witnesses.

4

III.    Objection to Designation of "Confidential" Information

7.  If a signatory to whom material designated as "Confidential" is produced wishes to challenge

the designation, the signatory making the challenge can do so by writing to counsel for the

producing signatory that designated the information as "Confidential," identifying the

information being challenged, and setting forth the grounds for the challenge.  Within seven (7)

business days after receipt of a writing challenging the "Confidential" designation of

information, the producing signatory shall respond in writing to the challenging signatory, setting

forth the grounds for the "Confidential" designation.

If the signatories fail to resolve their disagreement as to the designation of information as

"Confidential", the challenging signatory may move the Court at any time thereafter to enter an

order removing the designation of the challenged materials as "Confidential".  If such a motion is

made, t he producing signatory designating the information as "Confidential" shall bear the

burden of proving that he, she or it is entitled to such designation.

Until the Court rules on the motion for an order to remove the "Confidential"

designation, the information designated as "Confidential" shall retain its "Confidential" status.

Access to "Confidential" Information

8.    Under this Joint Stipulated Protective Order, any information designated as

"Confidential" shall not be disclosed to anyone other than the following persons:

a.     Counsel of record for the parties in this action;

b.     Counsel associated with counsel of record for this litigation who have entered an

agreement with counsel of record to perform specific tasks in the conduct of this litigation, but

who are not counsel of record in this action;

5

c.    Secretaries, paralegal assistants, and employees of counsel of record and associate counsel to the extent reasonably necessary to render professional services in the litigation,

d.    Court officials involved in this litigation, including, but not limited to, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court;

e.    Employees of the parties, employees and former employees of the signatories and employees of associated counsel of the parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions.

f.    Consultants or experts, who have met or conferred with the signatories or associated  counsel of the signatories for the purpose of assisting in this litigation, whether or not they are retained;

g.    Plaintiffs' witnesses noticed for depositions and/or designated for trial but only to extent necessary for such preparation and use at deposition and trial;

h.    Defendant's witnesses noticed for deposition or designated for trial, but only for use, to the extent necessary, at depositions and trial;

i.    Such other persons as disclosed and agreed to in advance in writing by all signatories to this Order;

j.    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

PROVIDED, however, that prior to all such cases of disclosures of "Confidential" information to

any individual other than signatories of this order and court officials involved in this litigation,

the individual shall first sign an agreement to be bound by this Protective Order in the form

annexed as Exhibit A.

9.    Nothing contained herein shall impose any restrictions on a signatory, party or witness to

the access and use of "Confidential" information obtained lawfully by such party or witness

independently of the discovery proceedings in this litigation, whether or not such information is

also obtained through discovery proceedings in this litigation. The signatories agree that this

paragraph does not affect the right of the third-party bidder to challenge the initial release of that

"Confidential" information. Should a court order that such information was improperly released

by the entity which released such "Confidential" information, the signatories to this order will

treat such information as "Confidential" under this order.

IV.    Use of "Confidential" Information

10.    "Confidential" information shall be used by the persons to whom disclosure is permitted

pursuant to this Order only for the pretrial proceedings, settlement negotiations, preparation for

trial, conduct of trial, and on appeal in connection with this litigation.

11.    "Confidential" information attached as an exhibit to briefs, affidavits or other documents

filed with the Court are to be filed under seal pursuant to District of Connecticut Local Rule

7(f)(2). Briefs, affidavits and other documents filed with the Court that merely cite the existence

of "Confidential" information need not be filed under seal.

12.    The designation of information as "Confidential" is intended to protect the third-party

bidder from harm that might result from public disclosure of "Confidential" information while

facilitating litigation of the instant action, and treatment in conformity with such designation will

not be construed in any way to preclude admissibility of that "Confidential" information as evidence in the instant action or to prejudice the right of any signatory to contest the admissibility of such "Confidential" information as evidence in the instant action.

V.    Inadvertent Disclosure of Confidential Information

13.    If any "Confidential" information is inadvertently disclosed to any person other than in a manner authorized by this Order, the individual responsible for the disclosure shall upon discovery of the disclosure immediately inform the signatory who designated the disclosed information as "Confidential" of all the facts pertinent thereto which, after due diligence and prompt investigation, are known to the individual responsible for the disclosure, including the name and address of the person to whom the disclosure was made. The individual responsible for disclosure shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

PATRICIA WILSON-COKER, in her
official capacity as Commissioner of the
Department of Social Services
DEFENDANT

By _____

HUGH BARBER
Fed. Bar No. CT
Hugh.Barber@state.ct.us
Assistant Attorney General
P.O. Box 120
55 Elm Street
Hartford, Connecticut 06141-0120
Tel. No.: 806-808-5210
Fac. No.: 860-808-5385

MARY CARR, et al.
PLAINTIFFS


By _____ Janny Bell _____

GREATER HARTFORD LEGAL AID
999 Asylum Avenue, 3rd Floor
Hartford, Connecticut 06105-2465
Tel.: (860) 541-5000
Fac.: (860) 541-5050


THIRD PARTY,


By _DPAC/BeneCare/MPShea_
Michael P. Shea
Day, Berry & Howard LLP
185 Asylum St.
City Place I
Hartford, CT 06103-3499
Tel: (860) 275-0146
Fax: (860) 275-0343
Attorney for DPAC/BeneCare

9

EXHIBIT A

DECLARATION

By my signature, I hereby acknowledge that I have read the STIPULATION AND

PROTECTIVE ORDER stipulated to by the parties entered in <u>Carr v. Wilson-Coker</u>, pending in

the United States District Court for the District of Connecticut, Civil Action 3:00 CV 1050

(AWT) Class Action and agree to be bound by the terms thereof.

Dated:_____          Signature:_____

                                 Signatory's Name and Residence Address:

                                 _____

                                 _____

                                 _____


                                 Signatory's Business Address

                                 _____

                                 _____

                                 _____