UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY CARR, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>PATRICIA WILSON-COKER, in her<br>official capacity as Commissioner of the State<br>of Connecticut Department of Social Services,<br>    Defendant. | CIVIL ACTION NO.<br>3:00 CV 1050 (AWT)<br><br>OCTOBER 8, 2003<br><br>CLASS ACTION |

<u>LOCAL RULE 56(a)2 STATEMENT-REDACTED[1]</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and L.Civ.R. 56(a)2, Plaintiffs hereby respond to Defendant's Local Rule 56(a)1 Statement and also set forth each material fact as to which they contend there is a genuine issue to be tried, as follows:

**Background Facts Common to Causes of Action in the Complaint**

1. Plaintiffs admit the facts.

2. Plaintiffs admit the facts.

3. Plaintiffs admit the facts.

---

[1] Deposition transcript excerpts that are "confidential" or claimed to be "confidential" under protective orders with non-parties to this action are noted with symbols as follows, by entity and symbol: BeneCare - ○; Anthem Blue Cross and Blue Shield of Connecticut, Inc. ("BCFP") - □; Health Net of the Northeast, Inc. ("HNNE)- ●; Dental Benefits Providers, Inc. ("DBP") - ■. Many of the citations to the deposition of Patrick Carolan which are included in this Local 56(a)1 statement are not "confidential" under the protective order. Though under the terms of the protective orders with HNNE, DBP and BCFP, the confidentiality of the deposition transcripts of Janice Perkins, Arthur Howard, Ann Quinlan, and Deborah Hine was waived by failure to mark transcript excerpts as confidential in a timely manner, some of the excerpts cited from these individuals' transcripts refer to exhibits that are "confidential" or claimed to be "confidential" under the protective orders. Therefore, for ease of filing, and without conceding the "confidentiality" of these excerpts, Plaintiffs are filing this Local Rule 56(a)2 Statement under seal.

4. Plaintiffs admit the facts.

5. Plaintiffs admit the fact contained in the first sentence. Because the wording of the second sentence of Defendant's statement is unclear and makes no sense to Plaintiffs, they deny it, and they rely upon the evidence describing the operation of the program set forth in Medical Assistance Program Policies and Procedures, Section 184I.II **(Attachment A)** (The statutory provisions cited by Defendant, C.G.S. §§17a-289 *et seq.*, do not exist. C.G.S §§ 17b-289 *et.seq.* do exist, but relate only to the HUSKY A program and do not support the statement.)

6. Denied as inaccurate. The wording of Defendant's statement is typographically erroneous, but if "provided" were changed to read "provide," then some sense appears. However, it is not accurate to state that the "services" would "otherwise be covered by the Medicaid program"; rather, the services remain covered. However, the excepted services referred to by Defendant do **not** include covered Medicaid services provided by dentists, oral surgeons, and dental clinics. For this reason, Defendant's statement is immaterial. See Plaintiffs' Local Rule 56(a)1 Statement at Exhibit **SJ1** at RFA Doc. 7e, at Section A.III.d, Services. (Also Defendant's attachment of the Waiver document is incomplete and in incorrect page order. Defendant's citation is also incorrect. The correct citation is to the Waiver, Section A.III.d, Services.)

7. The recital in the first sentence involves facts peculiarly requiring discovery subsequent to the discovery cut-off period; therefore, Plaintiffs cannot fairly admit or deny the statement and would require discovery pursuant to Fed.R.Civ.P. 56(e)(f). Plaintiffs admit that Mr. Parrella testified at deposition that the Department of Social Services was moving in the direction described in the first sentence. The second sentence is, again, garbled, so that it cannot fairly be admitted or denied, and the details remain to be determined.

8. Plaintiffs admit the facts, subject to this clarification: the MCOs provide some

reimbursement for the cost of covered dental services, but in most cases neither the MCOs, nor their subcontractors, provide the full cost of covered dental services. See Plaintiffs' Local Rule 56(a)1 Statement at recital #171 with supporting evidence: Depo 11 (Edelstein) at 153:17-158:9, 161:5-163:20; Aff. 1 (Edelstein) at ¶¶ 31-32; Aff. 3 (Brown) at ¶¶ 51-54; Aff. 4 (Munk) at ¶ 11; Aff. 5 (Nardello) at ¶¶ 12-13; Aff. 7 (Goodman) at ¶¶ 5-6, 11-12; Aff. 8 (Kohn) at ¶¶ 4, 16; Aff. 9 (Ureles) at ¶ 10; Aff. 10 (Pelletier) at ¶ 7; Aff. 11 (Weber) at ¶¶ 3, 8; Aff. 12 (Googel) at ¶¶ 7, 10-11; Aff. 13 (Wolkoff) at ¶ 7; Aff. 17 (Dimmock) at ¶¶ 3-7; Aff. 22 (Hass) at ¶¶ 12-13; Aff. 23 (Sharp) at ¶ 10-16.

9. Plaintiffs deny the statement. The MCOs subcontract for the delivery, and/or administrative services concerning the delivery, of Medicaid managed care dental services in Connecticut. They do not "subcontract out their *responsibility* for providing dental services." Defendant's Local Rule 56(a)1 Statement at RFA ## 9-13; Plaintiffs' Local Rule 56(a)1 Statement at Exhibit **SJ 1** at RFA Doc. 7c at § 2.

10. Plaintiffs admit that the contracts recite the stated obligation.

11. Plaintiffs admit only the portion of the statement that says, "the MCOs are not required to utilize the Medicaid fee schedules that are utilized by the Department of Social Services in the fee for services program." The remainder of the statement is denied (or should be disregarded) as the cited deposition testimony ████████████████████ ██████████ Defendant's Local Rule 56(a)1 Statement does not support the statement.

12. Plaintiffs deny the statement. The deposition transcript and affidavit of the one expert witness cited by Defendant do not support the statement that "several" subcontractors have contracts with "individual dentists" at rates that "substantially exceed" the Medicaid fee schedule. The cited testimony supports only the claim that one dental practice has negotiated fees that, while they exceed the Medicaid fee schedule, meet *only the overhead costs* of the

practice and fall more than 39% below the average practice's standard fees for non-Medicaid patients. See Plaintiffs' Local Rule 56(a)1 Statement at recital #169 with supporting evidence: Depo 11 (Edelstein) at 146:5-163:20; Aff. 1 (Edelstein) at ¶ 31.

13. Denied as inaccurately pararphrasing the terms of the contracts. The cited contractual sections require that out of network providers be secured if "appropriate participating specialists are not available," not "within a reasonable period of time." With regard to dental care, routine dental visits must be scheduled within six weeks. Further, the cited deposition testimony, ███████████████████████████████████████, is unsupportive. It does not refer to the contract between the MCOs and the Department,███
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
█████████████████████████████████████ See also Plaintiffs' Local Rule 56(a)1 Statement at Exhibit **SJ 1** at RFA Doc. 7e at §§ 3.08, 3.12, 3.20a.4.

14. Plaintiffs admit this fact.

15. Plaintiffs admit this fact, except that for the correct contract citation, please see Plaintiffs' Local Rule 56(a)1 Statement at Exhibit **SJ 1** at RFA Doc. 7e at § 7.04.

16. Denied as inaccurate. The current version of the contract does not contain any language concerning the imposition of a "Class A" sanction for violations of performance measures that have a direct impact on members. The very language cited by Defendant is from the 1999-2001 contract and was removed in the current version. Defendant's "Class B" sanction description is also different from that in the current contract. Defendant's characterization of "Class C" sanctions as "serious" is editorial comment without extrinsic

support and is inaccurate. Further, it is a material omission that Defendant has failed to point out that sanctions cannot be imposed without first notifying the MCO and giving the MCO an opportunity to present its position to the Department - - which further makes this statement subject to dispute. See Plaintiffs' Local Rule 56(a)1 Statement at Exhibit **SJ 1** at RFA Doc. 7e at § 7.05.

Finally, it is also a material omission to refer to sanctions and characterize some as "serious" when, in fact, the sanctions have never been used notwithstanding dental care access violations. See Plaintiffs Local 56(a)1 Statement recital #s 127, 203, 204 with supporting evidence: Depo 4 (Parrella) at 84:11-85:16, 91:16-94:23, 113:7-13; ███████. **SJ 1** at RFA #s 23, 24, 29.

Plaintiffs admit that the contracts can be terminated for cause, including fraud.

17. Plaintiffs admit this fact. However, while the percentage of the population covered by third party coverage is an interesting number, it is immaterial in this action. Defendant's compliance with the Medicaid Act is measured by a comparison of the access to dental providers of HUSKY A recipients with that of the commercially insured population in Connecticut, not with that of the uninsured population or the population as a whole. Clark v. Kizer, 758 F. Supp. 572 at 575-6 (E.D.Ca. 1990) (citing H.R. Rep. No. 247, 101st Cong., 1st Sess. 390, reprinted in 1989 U.S. Code Cong. & Ad. News at 1906, 2116), Arkansas Medical Society v. Reynolds, 6 F.3d 519, 527 (8th Cir. 1993); *see also,* Moody v. Millbrook, 967 F. Supp. 488 (M.D. Ala. 1997).

18. Plaintiffs admit this statement. However, the factors are immaterial to this action. Defendant's compliance with the Medicaid Act is measured by a comparison of the access of HUSKY A recipients to that of the commercially insured population in Connecticut, not with that of the uninsured population or the population as a whole. Further, Medicaid dental access is

5

not measured by a comparison of Medicaid dental utilization to that of the commercially insured population broken down by income levels, age, family size, race, and parental education levels. See response to #17, above.

19. Plaintiffs admit this statement. The current version of the cited contract section adds two provisions and contains slightly different language. Plaintiffs' Local Rule 56(a)1 Statement at Exhibit **SJ 1** at RFA Doc. 7e at § 3.10.

20. Despite several language errors in the statement, Plaintiffs believe that they can admit the portion of this statement through the clause, "and specifies contractual standard that MCOs are required to meet." Plaintiffs deny the remainder of this statement ("which contractual standards are designed . . . throughout the State") in that it is not contained in, or supported by, the cited documents, but is apparently Defendant's opinion. Defendant cites no extrinsic evidence to support this portion of her statement. (Defendant's Local Rule 56(a)1 Statement at Waiver §A(II)h(1) and Plaintiffs' Local Rule 56(a)1 Statement, **SJ 1** at RFA Doc. 7e at § 3.10.)

21. Plaintiffs admit these statements insofar as they purport to summarize contractual provisions, not actual performance, which, as indicated in the evidence cited in paragraphs 25 and 26, is inconsistent with the statement.

22. Plaintiffs deny this statement. The cited documents do not show that "clean" claims are processed timely. Rather, one deposition states that although there had been some improvement in the timeliness of DBP's processing of claims, nevertheless there were still more than $19,000 in clean claims overdue by *more than* 15 days beyond the contractual requirement of processing within 45 days from receipt. Deposition of Michael Goodman, September 10, 2002, at 69-72. **(Attachment B).** ▮



Finally, dental providers have testified to the untimely payment of clean claims by DBP ████████████████████████████████████████████████████ ██████████████████████████████████. Deposition of Dr. Peter Munk, September 24, 2002 at 111:9-116:3 (**Attachment C**); Deposition of Diane Dimmock, RDH, August 21, 2002 at 59:3-61:5, 65:7-69:12 (**Attachment D**).

23. Plaintiffs admit these facts.

24. Plaintiffs admit only that "EPSDT is a service that MCOs are required to provide for their enrolled recipients pursuant to their contracts with the Department." The remainder of the statement is denied as it is unsupported by the cited contract section and is merely a gratuitous statement.

25. Plaintiffs deny this statement. The deposition citations do not provide support for Defendant's statement. Representative HUSKY A clients have sworn that they have never been informed by DSS or the MCOs of the availability of EPSDT services. Plaintiffs' Local Rule 56(a)1 Statement at the following affidavits: Aff. 30 (Bernier) at ¶ 26; Aff. 33 (Hernandez) at ¶ 6; Aff. 35 (Rodriguez) at ¶ 11; Aff. 38 (Poulin) at ¶¶ 11, 18, 21-24; Aff. 39 (Daly) ¶¶ 13, 17.

Further, the statement is framed as a conclusion of law. Although Defendant asserts that MCOs comply with their "statutory" obligations, whether MCOs have a *statutory* obligation to inform HUSKY A members of the availability of EPSDT services is a question of law. Also,

whether the MCOs conduct any informing activities in a manner that "complies with their contractual...obligations" is also a question of law.

26. Plaintiffs deny this statement. Defendant's blanket statement, apparently meant to address all four MCOs, cites only to depositions from three of the four MCOs, ▬▬ ▬▬▬▬▬▬▬ (that of Jo-Ann Villano) supports Defendant's statement that MCOs provide assistance with locating providers, scheduling and transportation to appointments.  Deposition of Jo-Ann Villano at 40:6-41:16.



Moreover, Plaintiffs have submitted many HUSKY A classmembers' uncontested affidavits that they have never been provided, by DSS or the MCOs -- even upon request -- assistance in obtaining a dental provider or, with providing transportation, or in making an appointment. Some received no assistance until others intervened on their behalf. Plaintiffs' Local Rule 56(a)1 Statement at the following affidavits: Aff. 30 (Bernier) at ¶¶ 21, 26-30; Aff. 31 (Saunders) at ¶¶ 5-14; Aff. 33 (Hernandez) at ¶¶ 2-12, 17-23; Aff. 34 (Ramos) at ¶¶ 7-13;Aff. 35 (Rodriguez) at ¶¶ 5-7; Aff. 36 (Tucker) at ¶ 9; Aff. 38 (Poulin) at ¶¶ 7, 8, 16, 21-25; Aff. 39 (Daly) ¶¶ 13, 17.

Also, the statement is framed as a conclusion of law. (See last paragraph of response number 25 above).

27. Plaintiffs deny this statement. The deposition citations do not support the statement but rather Plaintiffs' claims that Defendant does not comply with federal Medicaid law. The cites to the depositions of Ms. Villano (First Choice) ▮▮▮▮

9



The statement is also misleading since the citations do not show that providers have been located for the HUSKY A clients who have called the MCOs for assistance. ▮

▮ The Villano deposition expresses merely that, in her experience as member services representative for First Choice, she has not seen clients who have difficulty accessing dental care. See Defendant's Local Rule 56(a)1 Statement at cited excerpts.

Defendant includes no facts to support the statement from Health Net of the Northeast, Inc. or its subcontractor, Doral Dental.

Defendant's recital, phrased as only a state of Defendant's knowledge ("to the best of Defendant's knowledge"), is also inadequate as a statement of "fact." Indeed, it cannot be squared with the fact that Plaintiffs submitted seven affidavits to Defendant and the Court, on July 18, 2003, showing that a provider has **not** been located in every case where the assistance of an MCO has been requested. Plaintiffs' Local Rule 56(a)1 Statement at the following affidavits: Aff. 30 (Bernier) at ¶¶ 21, 26-30; Aff. 31 (Saunders) at ¶¶ 5-14; Aff. 34 (Ramos) at

¶¶ 7-13; Aff. 35 (Rodriguez) at ¶¶ 5-7; Aff. 36 (Tucker) at ¶ 9; Aff. 38 (Poulin) at ¶¶ 7, 8, 16, 21-25; Aff. 39 (Daly) at ¶¶ 13, 17.

28. Plaintiffs admit only that the MCO contracts include a provision requiring the MCOs to secure an out-of-network specialist when a network specialist provider cannot be located. Plaintiffs' Local Rule 56(a)1 Statement at Exhibit **SJ1** at RFA Doc. 76 at § 3.12. Whether the MCOs are "liable" by contract to pay for the services and whether the MCOs comply with a regulatory obligation to secure out-of-network providers are questions of law. Defendant cites no federal regulation. The remainder of the statement ("which MCOs have done where required") is denied. Some classmembers have had to secure legal representation, in some cases, to force the MCOs to pay for an out-of-network provider or to assist them in finding a dentist. See Plaintiffs' Local Rule 56(a)1 Statement at the following affidavits: Aff. 40 (Sampias) at ¶ 15; Aff 30 (Bernier) at ¶¶ 14-29.

29. The first sentence is denied insofar as Defendant points to no admissible evidence to associate dental utilization with insured status and duration of coverage. Plaintiffs admit the remainder of the facts. (See response #18 herein.)

[redacted]

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

Further, while dental utilization is associated with a number of factors, those factors are immaterial. Defendant's compliance with the Medicaid Act is measured by a comparison of the access of HUSKY A recipients to that of the commercially insured population in Connecticut, not with that of the uninsured population or the population as a whole. Dental access is not measured by a comparison of Medicaid dental utilization to that of Connecticut's commercially insured population's broken down by race, family income, parental education levels and duration of coverage; nor by a comparison to utilization levels in commercial plans from other states. See response to #17.

The second sentence of the Defendant's statement ("Even generous commercial plans insuring middle and upper-middle class families do not achieve 80% utilization") is denied. The cited transcripts do not support it.

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████



Further, Defendant has effectively admitted that utilization rates in commercial plans in Connecticut do reach 80% utilization although they may be in the range of 55- 80%. See Plaintiffs' Local Rule 56(a)1 Statement recital #s196-199, including ▮▮▮▮ Aff. 28 (Weinberger) at ¶¶ 4-5; Aff. 19 (Hoyer) at ¶ 10; Depo 13 (Hoyer) at 108:1-14.

### Issues of Material Fact as to which Plaintiffs contend there is a genuine issue to be tried

Plaintiffs have submitted their own Motion for Partial Summary Judgment, and they respectfully submit that they are entitled to judgment as to causes of action one (denial of equal access), two (statewide availability), four (reasonable promptness), and eight (arranging for and providing EPSDT services). In the event that Plaintiffs do not prevail on that motion, or prevail with respect to only some of the counts in their Complaint, they submit the following materials facts to be tried:

A. Plaintiffs contend that statements in ¶¶ 9, 10, 11, 12, 13, 16, 20, 22, 28 and 29 in Defendant's Local Rule 56(a)1 statement that Plaintiffs have denied herein create genuine issues which would have to be tried, but believes that they are not material under the law governing this case, which requires judgment for Plaintiffs;

B. Plaintiffs' also contend that the following issues of fact must be tried with respect to

Plaintiffs' causes of action seven and nine if the facts were deemed material:

1. Whether DSS has failed to ensure that beneficiaries under age 21 are effectively informed of the availability of early and periodic screening, diagnostic and treatment services, including dental services; and

2. Whether DSS has failed to provide case management services, transportation and scheduling assistance to enable plaintiffs to obtain dental services required under the EPSDT program.

Respectfully Submitted

BY _____
VICTORIA VELTRI
Fed. Bar No. CT19724
JAMEY BELL
Fed. Bar No. CT15520
GREG BASS
Fed. Bar No. CT18114

MARIA MORELLI-WOLFE
Fed. Bar No. CT 23174
mmorelliwolfe@ghla.org
GREATER HARTFORD LEGAL AID
999 Asylum Ave., 3rd Floor
Hartford, CT 06105-2465
(860) 541-5000
Fax (860) 541-5050

DAHLIA GRACE
Fed Bar No. CT 19551
dgrace@connlegalservices.org
CONNECTICUT LEGAL SERVICES
211 State Street
Bridgeport, CT 06604
(203) 336-3851
Fax (203) 333-4976


AMY VAN DYKE
Fed. Bar No. CT 23181
Avandkye@uks.com
UPDIKE, KELLY & SPELLACY
One State Street
Hartford, CT 06123-1277
(860) 548-2614
Fax (860) 548-2680

ROBERT R. SIMPSON
Fed. Bar No. CT 15653
rsimpson@goodwin.com
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103
(860)251-5515
Fax: (860)251-5700

Attorneys for the Plaintiffs

Of Counsel
Bernhardt K. Wruble
CT Juris No. 421195
316 Westmont
West Hartford, CT 06117
bkwruble@yahoo.com
(860)521-3543
Fax (860)521-3560

## CERTIFICATION

    This hereby certifies that Plaintiffs' Local Rule 56(a)2 Statement and its attached deposition transcript excerpts were mailed, postage prepaid on this 8th day of October, 2003 to all counsel of record as follows:

Hugh Barber
Tanya Feliciano
Richard Lynch
Assistant Attorneys General
55 Elm Street, 4th Floor
P.O. Box 120
Hartford, CT 06141-0120

_____
Victoria L. Veltri

## List of Attachments to Plaintiffs' Local 56(a)2 Statement

A. Medical Assistance Program Policies and Procedures, Section 184I.II.

B. Deposition of Michael Goodman, September 10, 2002 at 69-72.

C. Deposition of Dr. Peter Munk, September 24, 2002 at 111:9-116:3

D. Deposition of Diane Dimmock, RDH, August 21, 2002 at 59:3-61:5, 65:7-69:12.

E. Deposition of Art Howard, January 30, 2003 at 41:16-44:22.[1]

F. Deposition of Ann Quinlan, April 28, 2003 at 78:13-79:25.

---

[1] Though under the terms of the protective order with DBP, the confidentiality of the deposition transcripts of Arthur Howard and Ann Quinlan was waived by failure to mark transcript excerpts as confidential in a timely manner, the excerpts cited from these individuals' transcripts refer to exhibits that are "confidential" or claimed to be "confidential" under the protective orders. Therefore, for ease of filing, and without conceding the "confidentiality" of these excerpts, Plaintiffs are filing Attachments E and F under seal.

## List of Attachments to Plaintiffs' Local 56(a)2 Statement

A. Medical Assistance Program Policies and Procedures, Section 184I.II.

B. Deposition of Michael Goodman, September 10, 2002 at 69-72.

C. Deposition of Dr. Peter Munk, September 24, 2002 at 111:9-116:3

D. Deposition of Diane Dimmock, RDH, August 21, 2002 at 59:3-61:5, 65:7-69:12.

E. Deposition of Art Howard, January 30, 2003 at 41:16-44:22.[1]

F. Deposition of Ann Quinlan, April 28, 2003 at 78:13-79:25.

---

[1] Though under the terms of the protective order with DBP, the confidentiality of the deposition transcripts of Arthur Howard and Ann Quinlan was waived by failure to mark transcript excerpts as confidential in a timely manner, the excerpts cited from these individuals' transcripts refer to exhibits that are "confidential" or claimed to be "confidential" under the protective orders. Therefore, for ease of filing, and without conceding the "confidentiality" of these excerpts, Plaintiffs are filing Attachments E and F under seal.

**ATTACHMENT A**

State of Connecticut
Department of Social Services
Medical Care Administration

| MEDICAL SERVICES POLICY | DENTAL SERVICES |
| --- | --- |
| | 184G.VII.d. - 184I.II. |

For the retention period the qualified dentist shall submit, prior to initiating placement of retainers, study models and/or photographs clearly showing the case is ready for retention.

H. Billing Procedures

   I. All dental services performed on behalf of eligible patients and not requiring prior authorization must be recorded on the EDS Dental Claim Form and submitted to the Department's claims processing agent:

   Electronic Data Systems Corporation (EDS)
   Dental Claims
   P.O. Box 2971
   Hartford, CT 06104

   II. Usual and Customary Charge

   It is required that the amount billed to the Department represents the provider's usual and customary charge for the services delivered.

   III. The Dental Claim Form serves as a combined treatment plan record, a request for authorization, and a bill.

I. Payment

   I. Payments will be made at the lower of:

      a. The usual and customary charge to the public

      b. The fee as contained in the dental fee schedule published by the Department.

      c. The amount billed by the provider.

   II. Payment Rate

   The Commissioner of Social Services establishes the fee contained in the Dental Fee Schedule. The fees are based on moderate and reasonable rates prevailing in the respective communities where the service is rendered.

**Attachment A**