UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARY CARR, et al,                  :
  Plaintiffs,                     :
                                   :
v.                                 :          Civil No. 3:00CV1050(AVC)
                                   :
PATRICIA WILSON-COKER,              :
in her official capacity as        :
Commissioner of the Department     :
of Social Services.                :
  Defendant.                      :

**<u>RULING ON THE PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT</u>**

This is an action for equitable relief arising from the Connecticut Department of Social Services' oversight of the managed care networks that supply dental care to low-income children and adult Medicaid recipients. The plaintiffs, a class and subclass of approximately 300,000 child and adult Medicaid recipients represented by Mary Carr, et al, ("Carr"), allege that the defendant, Patricia Wilson-Coker, has failed to comply with federal Medicaid statutes and regulations which has resulted in a critical shortage of Connecticut dental providers who are willing and able to offer them care. The complaint contains nine causes of action and is filed pursuant to 42 U.S.C. § 1983, various subsections of 42 U.S.C. §§ 1396a(a) and 1396d, as well as implementing regulations 42 C.F.R. §§ 447.204, 431.50(b)(1), 440.230, 441.56(a), 441.56(b)(1)(vi), 441.56(c) and 441.62. Specifically, the complaint alleges:

- <u>Counts One and Three</u>: Failure to comply with the "equal access" and "quality of care" requirements of the Medicaid program.
- <u>Count Two</u>: Failure to comply with the "statewide availability" requirement of the Medicaid program.
- <u>Count Four</u>: Failure to comply with the "timely care" requirement of the Medicaid program.
- <u>Count Five</u>: Failure to comply with the "comparable services among recipients" requirement of the Medicaid program.
- <u>Count Six</u>: Failure to comply with the requirement of the Medicaid program to promptly and efficiently pay participating providers.
- <u>Counts Seven, Eight and Nine</u>: Failure to inform of and provide early and periodic screening, diagnostic and treatment ("EPSDT") dental services.

Carr has filed the within motion for partial summary judgment on Counts One, Two, Four and Eight. However, on January 19, 2006, the court granted Wilson-Coker's motion for summary judgment on Counts One through Six of the complaint (document no. 137). Therefore, Count Eight is the only Count left for the court to consider on the within motion.

For the reasons that follow, the motion for partial summary judgment (document no. 86) is DENIED.

## **FACTS**

The Medicaid program was created in 1965 "for the purpose of providing federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons." <u>Harris v. McRae</u>, 448 U.S. 297, 301 (1980). "To participate in the Medicaid program, a state must obtain approval for its Medicaid plan from [the Centers for Medicare and Medicaid Services]. Once this approval is granted, the federal government

will reimburse the state for a portion of the expenditures made under the state plan." Skandalis v. Rowe, 14 F.3d 173, 175 (2d Cir. 1994).

States are not required to participate in the program, but states that do accept federal funding must comply with the Medicaid Act and with regulations promulgated by the Secretary. A state that fails to comply with its medical assistance plan runs the risk of having its funding revoked by the Secretary. 42 U.S.C. § 1396c.

The State of Connecticut has elected to participate in the Medicaid program. The Department of Social Services ("DSS") is the state agency which Connecticut has designated to oversee the administration of the state's Medicaid program. See 42 U.S.C. § 1396a(a)(5).

Under a federal waiver initially obtained in 1995, pursuant to 42 U.S.C. § 1396n(b), the DSS operates its Medicaid program, including the provision of dental services, under a managed care delivery system. The defendant contracts with managed care organizations ("MCO's") for the delivery of Medicaid Husky A services, including dental care.

One requirement placed on a participating State is that it "must have an [EPSDT] program.... EPSDT programs provide health care services to children to reduce lifelong vulnerability to illness or disease." Frew v. Hawkins, 540 U.S. 431, 433-434

3

(2004). Dental services are among the EPSDT services. 42 U.S.C. § 1396d(r)(3).

The Medicaid Act mandates that the Secretary "develop and set annual participation goals for each State for participation of individuals who are covered under the State plan...in early and periodic screening, diagnostic, and treatment services." 42 U.S.C. § 1396d(r). The participation goal for Connecticut is 80% and should have been reached in 1995. HCFA State Medicaid Manual §5360. The actual participation rate in Connecticut's EPSDT dental services is in the range of 20% - 45%.

## **STANDARD**

The court appropriately grants summary judgment when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rule 56 "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion

for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. 247-48. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims...[and] it should be interpreted in a way that allows it to accomplish this purpose." Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

## DISCUSSION

The complaint's eighth cause of action alleges a failure to provide the plaintiff "Child Subclass" with EPSDT dental services, in violation of 42 U.S.C. §§ 1396a(a)(43)(B), 1396a(a)(43)(C) and 1396d(r)(3), and the implementing regulations 42 C.F.R. §§441.56(b)(1)(vi) and 441.56(c).

Carr argues that summary judgment is appropriate because "[t]he undisputed evidence shows that, by all measures, defendant's HUSKY A program has failed, since its inception in 1995, to provide children with the comprehensive dental care envisioned by the EPSDT laws." Specifically, Carr argues that it is undisputed that the HUSKY A program has failed, by a substantial percentage, to reach the goal of 80% EPSDT child dental utilization rate.

Wilson-Coker responds that: (1) the EPSDT statutory provisions do not create a federal right that is enforceable in a section 1983 cause of action; (2) section 1983 causes of action are "impliedly forclosed" by the comprehensive remedies provided

5

by Congress; and (3) Wilson-Coker is entitled to summary judgment on the merits.

In its January 19, 2006, ruling on Wilson-Coker's motion for summary judgment, the court considered and rejected each of Wilson-Coker's above arguments. The only issue before the court is therefore whether there is any genuine issue of material fact as to Carr's eighth cause of action.

> Section 1396a(a)(43) provides in pertinent parts that:
>
> a state Medicaid plan must provide for-
>
> (A) informing all persons in the State who are under the age of 21 and who have been determined to be eligible for medical assistance including services described in section 1396d(a)(4)(B) of this title, of the availability of early and periodic screening, diagnostic, and treatment services as described in section 1396d(r) of this title and the need for age-appropriate immunizations against vaccine-preventable diseases,
> (B) providing or arranging for the provision of such screening services in all cases where they are requested.
> (C) arranging for (directly or through referral to appropriate agencies, organizations, or individuals) corrective treatment the need for which is disclosed by such child health screening services...

42 U.S.C. § 1396a(a)(43)

Connecticut's utilization goal for EPSDT services is 80% and this goal should have been reached in 1995. HCFA State Medicaid Manual § 5360. It is undisputed that Wilson-Coker has failed to meet the 80% utilization goal. The parties disagree about the size of the shortfall, with Carr contending that the actual

6

utilization percentage is approximately 25% and Wilson-Coker contending that it may be around 40%. That difference is immaterial for the purposes of the within motion, however, as on either account the shortfall is substantial.

In the court's view, the discrepancy between the utilization goal and achieved utilization is not by itself determinative. The statute requires that Connecticut's plan for medical assistance "provid[es] or arrang[es] for the provision of such screening services in all cases <u>where they are requested</u>." 42 U.S.C. § 1396a(a)(43)(B)(emphasis added). Therefore, if less than 80% of the eligible population requests EPSDT dental services, the 80% goal cannot be met. However, as the court emphasized in its January 19, 2006, ruling on Wilson-Coker's motion for summary judgment, it may be that a relatively small number of requests for EPSDT dental services is caused by a failure by Wilson-Coker to fulfill her obligation to inform all eligible persons of the availability of such services. <u>See</u> 42 U.S.C. § 1396a(a)(43)(A).

Carr has also provided undisputed evidence that some children eligible for EPSDT dental services, who have requested such services, have had to wait for substantial periods of time and travel outside their local area to find a dental service provider to supply them with preventive and treatment services. These cases, although compelling, do not tend to show that EPSDT

7

dental services are not provided, but rather that they are not provided within a reasonable time or at a convenient location. They are not of a kind, therefore, that would allow the court to conclude that Carr is entitled to judgment as a matter of law.

The court consequently concludes that there is a genuine issue of fact as to whether Wilson-Coker is failing in her obligation to provide EPSDT dental services. Therefore, the motion for partial summary judgment is denied with respect to Count Eight of the complaint.

## **CONCLUSION**

For the foregoing reasons, the motion for partial summary judgment (document no. 86) is DENIED.

It is so ordered this 27th day of January, 2006, at Hartford, Connecticut.

```
          _____/s/_____
          Alfred V. Covello, U.S.D.J.
```