UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARY CARR, ET AL. | : | CIVIL ACTION NO.:3:00CV1020(AVC) |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICIA WILSON-COKER, | : | |
| COMMISSIONER, DEPARTMENT OF | : | |
| SOCIAL SERVICES | : | |
| *Defendant* | : | MARCH 7, 2006 |

**Memorandum in Opposition to Plaintiffs' Motion to Reconsider This Court's Denial of Plaintiffs' Motion for Summary Judgment**

The plaintiffs request this Court to reconsider its January 31, 2006 denial of plaintiffs' motion for summary judgment insofar as the Court denied plaintiffs' motion for judgment on their eighth cause of action with respect to their Early and Periodic Screening, Diagnostic, and Treatment ("EDSDT") claims. Plaintiffs allege that this Court "committed clear errors of law, misconstruing the evidence and legal standards applicable to denials of EDSDT services." Specifically, plaintiffs claim that this Court erred by not acknowledging that 42 U.S.C. § 1396d (r) ( 3 ) creates additional "rights," and imposes additional obligations upon the defendant, in addition to any rights and obligations created by 42 U.S.C. § 1396a (a)(43) and 42 U.S.C. § 1396(r) ( 1 ), to ensure that every assisted child under the age of twenty-one actually receives periodic dental screening and other dental services, without regard to whether the child requests such services. Plaintiffs also claim that the Court erred in not acknowledging that the undisputed facts demonstrate that not all Medicaid-assisted children actually receive EPSDT dental services.

Plaintiffs have not presented sufficient reasons for the Court to reconsider its summary judgment ruling. This Court fully considered the claims and arguments that were before the

Court.  Plaintiffs motion for reconsideration should be denied for reasons that include the following:

    1)  Plaintiffs' Complaint does <u>not</u> assert a claim based upon 42 U.S.C. § 1396d (r)( <u>3</u> ), which plaintiffs <u>now</u> claim was not correctly considered by this Court in its summary judgment ruling.  See Plaintiffs' Complaint, Paragraph 115, which asserts a violation of 42 U.S.C. § 1396a (a)(43)(B), 42 U.S.C. § 1396d (r)( <u>1</u> )A), and 42 C.F.R. §§ 42 C.F.R. §§ 441.56(b)(1)(vi) and 441.56(c).  Plaintiffs' Complaint does <u>not</u> allege a violation of 42 U.S.C. § 1396d (r)( <u>3</u> ).

    2)  Plaintiffs present the novel argument, <u>for the first time in their motion for reconsideration</u>, that 42 U.S.C. § 13496d (r)( <u>3</u> ) creates additional rights that far exceed the scope of § 1396a (a)(43) and § 1396d (r)(1).  As a result, plaintiffs argue that the limitations in § 1396a(a)(43) and § 1396d(r)(1) that any "right" to receive EPSDT services is conditioned upon a <u>request</u> for such services, does not apply.  In addition to not being asserted in plaintiffs' Complaint, this claim was also not previously presented by plaintiffs in their summary judgment briefings.  For example, the defendant, in her Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment at pp 52, 53, pointed out that any "right" to receive EPSDT services is conditioned on a <u>request</u> for such services.  Plaintiffs' responded to this argument at pp 38-44 of their October 8, 2004 reply memorandum in support of their motion for summary judgment.  Plaintiffs exclusively cited to 42 U.S.C. § 1396a (a)(43) in their reply memorandum.  Plaintiffs did not even rely upon § 1396d r ( <u>1</u> ) (which is pled in their complaint), much less make any effort at making their new novel argument that § 1396r ( <u>3</u> ) creates additional rights, which exceed the scope of both § 1396a (a)(48) and § 1396d (r)( <u>1</u> ).  As a result, plaintiffs can't be heard to argue now that the Court "clearly erred" by failing to support a claim that wasn't even asserted.

2

3)  Plaintiffs new novel argument is not properly before the Court and affords no basis for a motion for reconsideration.  This Court correctly ruled in its January 31, 2006 Ruling Denying Plaintiffs' Motion for Summary Judgment at p. 7 that the statute requires to State to inform clients of the availability of EPSDT services, and "to provide[s] or arrange[s] for the provision of such screening services in all cases <u>where they are requested</u>."  (emphasis in original).  Without intending to fully reply to plaintiffs' new argument, which should not be considered, the defendant suggests that this improper argument is legally incorrect for a number of reasons.

First, plaintiffs do not explain why deference should not be afforded to the Secretary's duly promulgated regulations, which condition the provision of EPSDT services upon a <u>request</u> for such services.

42 C.F.R. § 441.56 (b) provides, in pertinent part, that:

The agency must provide to eligible EPSDT recipients <u>who request it</u>, screening…. at a minimum, these screenings must include….

(vi) Dental screening services

Similarly, 42 C.F.R. 441.5a(a) provides that, "The agency must provide the screening services described in § 441.56 (b) <u>upon the request</u> of an eligible recipient."

There is absolutely no indication in the Secretary's duly promulgated regulations that the administering state agency is under any obligation to ensure that all assisted children receive dental services whether or not a request is made for such services[1].  Substantial deference must be afforded to the Secretary's implementing regulation under <u>Chevron U.S.A. v. Natural Resource Defense Council</u>, 467 U.S. 837, 104 S. Ct. 2778 (1984).

3

Second, 42 U.S.C. § 1396d (r), including § 1396d (r) (3), is a section that <u>defines</u> EPSDT services. As a mere definition, it cannot create "rights" in recipients to receive dental services without regard to a request for such services being made. It merely defines EPSDT services as including dental services. See <u>B.H. v. Johnson</u>, 715 F. Supp 1387, 1401 (N.D. Ill. 1989) (noting "it would be strange for Congress to create enforceable rights in the definitional section of the statute"). The text of § 1396d (r)(3) does not create any rights in program recipients or a corresponding obligation on the administering state agency. This Court has previously ruled that 42 U.S.C.§ 1396a (a)(43) creates enforceable rights in program recipients as a result of the use of individually focused, rights creating language. There is no such similar, individually focused, rights creating language in § 1396d (r)(3). Accordingly, plaintiffs cannot assert a § 1983 cause of action predicated on § 1396d (r)(3) under the <u>Gonzaga University</u> standard.

Third, the scope of any "right" to receive EPSDT services is by governed by the state plan requirements in § 1396a (a)(43) – which clearly conditions any "right" on a <u>request</u> for such services being made. 42 U.S.C. § 1396a (a)(43)(A) requires the state agency to inform clients of the availability of EPSDT services "as defined in section § 1396d (r) of this title." 42 U.S.C. § 1396a (a)(43)(B) requires the agency to provide an arrange for the provision of such services "in all cases where they are requested." The definitions provided in 42 U.S.C. § 1396d (r), therefore, must be read in conjunction with the operative provisions of § 1396a (a)(43), which condition access to EPSDT dental services upon a <u>request</u> for such services.

---

[1] As indicated in the Court's summary judgment opinion, the statute, 42 U.S.C. § 1396a (a)(43)(A), and the implementing regulation, 42 C.F.R. § 441.56(a), also requires the agency to inform clients of the availability of EPSDT services.

4

Fourth, plaintiffs offer no rationale as to why the additional definitional section of § 1396d (r)(3), which merely indicates that EPSDT services include dental services, should reasonably be construed to create an expansive "right" to receive EPSDT dental services, which purported right far exceeds the scope any "right" created by § 1396a (a)(43).

Finally, the cases that have considered the issue have ruled that EPSDT services is conditioned upon a <u>request</u> having been made.  See, <u>Frazar v. Gilbert</u>, 300 F. 3d 530, 544-45 (5th Cir. 2002), rec'd on other grounds, sub nom. <u>Frew v. Hawkins</u>, 540 U.S. 431 (2004); <u>Westside Mothers v. Olszewski</u>, 368 F. Supp. 2d 740, 770 (E.D. Mich. 2005) ("the right is created for those individuals who qualify for and <u>actually request</u> such services.") (emphasis added); <u>Clark v. Richman</u>, 339 F. Supp. 631, 647 (M.D. Pa 2004) ("merely because certain class members have never seen a dentist does not establish a violation of the EPSDT provisions because the Commonwealth must only provide services when they are requested, see 42 U.S.C. § 1396a (a)(43)(B) …").

Accordingly, Plaintiffs' Motion for Reconsideration should be denied.

Respectfully submitted,

DEFENDANT,
PATRICIA WILSON-COKER,
COMMISSIONER OF THE
DEPARTMENT OF SOCIAL SERVICES

BY:    /s/_____
       Hugh Barber
       Assistant Attorney General
       Federal Bar No. ct05731
       55 Elm Street
       P.O. Box 120
       Hartford, CT  06141-0120
       Tel: (860) 808-5210
       Fax: (860) 808-5385
       Email.:hugh.barber@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 7th day of March, 2006 first class postage prepaid to:

AMY LEETE VAN DYKE, ESQ.
Federal Bar Number ct23181
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Tel: (860) 548-2600
Fax: (860) 548-2680

JAMEY BELL, ESQ.
GREG BASS, ESQ.
VICTORIA VELTRI, ESQ.
MARIA MORELLI-WOLFE, ESQ.
Greater Hartford Legal Aid
999 Asylum Street 3rd Floor
Hartford, CT 06105-2465

DAHLIA O. F. GRACE, ESQ.
Connecticut Legal Services, Inc.
211 State Street
Bridgeport, CT 06604

ROBERT R. SIMPSON, ESQ.
Shipman & Goodwin
1 American Row
Hartford, CT 06103

/s/_____
Hugh Barber
Assistant Attorney General