UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2006 FEB -2  P 1:08

| | |
|---|---|
| MARY CARR, *et al.*,  <br>　　　　Plaintiffs, <br> <br>v. <br> <br>PATRICIA WILSON-COKER, in her <br>official capacity as Commissioner of the State of <br>Connecticut Department of Social Services, <br>　　　　Defendant. | CIVIL ACTION NO. <br>3:00 CV 1050 (AVC) <br> <br> <br> <br>CLASS ACTION <br> <br> <br> <br>FEBRUARY 2, 2006 |

### PLAINTIFFS' MOTION FOR RECONSIDERATION

On January 19, 2006, the Court granted the defendant's motion for summary judgment in the above-captioned matter, dismissing the plaintiffs' claims that the defendant violated the Medicaid Act by failing to ensure an adequate access to dental care for recipients in her HUSKY A program.[1] The plaintiffs now respectfully request that the Court reconsider its grant of

---

3:00CV1050(AVC) April 25, 2006.

On January 19, 2006, the court granted the defendant's motion for summary judgement with respect to the plaintiff's "reasonable promptness" claim based on 42 U.S.C. § 1396a(a)(8). At issue was the meaning of the term "medical assistance" as used in 1396a(a)(8). The court concluded that "the term 'medical assistance' in 42 U.S.C. § 1396a(a)(8) is synonymous with 'financial assistance'." The plaintiff has now filed a motion to reconsider arguing that the court made "a clear error of law" with respect to its interpretation of the term.

In its January 19 opinion, the court applied the meaning of the term "medical assistance" that is provided in the definitional section governing the relevant part of the Medicaid statute. Although, as the court acknowledged, a number of courts have interpreted the term differently, many courts have come to the same conclusion.

Generally, reconsideration will only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). Having reconsidered the grounds for its interpretation of the term "medical assistance" in light of the arguments presented in the plaintiff's memorandum, the court does not agree that it made a clear error of law. Therefore, while the motion to reconsider is GRANTED, the court AFFIRMS its January 19, 2006, decision to grant the motion for summary judgment. SO ORDERED.

Alfred V. Covello, U.S.D.J.