UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARY CARR, et al,
   Plaintiffs,

v.

PATRICIA WILSON-COKER,
in her official capacity as
Commissioner of the Department
of Social Services.
   Defendant.

Civil No. 3:00CV1050(AVC)

## RULING ON THE PLAINTIFFS' MOTION FOR RECONSIDERATION

On January 31, 2006, the court denied the plaintiffs', Mary Carr, et al ("Carr"), partial motion for summary judgement. Carr has now filed a motion to reconsider with respect to Count Eight of the complaint, which alleges a failure to provide the plaintiff "Child Subclass" with early and periodic screening, diagnostic and treatment ("EPSDT") dental services, in violation of 42 U.S.C. §§ 1396a(a)(43)(B) and 1396d(r)(1), and the implementing regulations 42 C.F.R. §§441.56(b)(1)(vi) and 441.56(c).

Carr argues that the court "committed clear errors of law in its analysis of the plaintiffs' EPSDT claim, misconstruing the evidence and legal standard applicable to denials of EPSDT services." Specifically, Carr focuses on the following language from the court's January 31 decision:

> Carr has also provided undisputed evidence that some
> children eligible for EPSDT dental services, who have
> requested such services, have had to wait for

substantial periods of time and travel outside their local area to find a dental service provider to supply them with preventive and treatment services. These cases, although compelling, do not tend to show that EPSDT dental services are not provided, but rather that they are not provided within a reasonable time or at a convenient location. They are not of a kind, therefore, that would allow the court to conclude that Carr is entitled to judgment as a matter of law.

Carr does not appear to take issue with the court's characterization of the evidence, but argues that "[i]t was clear error of law not to consider how 'dental services' are defined under § 1396d(r)(3), *i.e.* a requirement that dental services be provided to eligible children pursuant to a periodicity schedule determined pursuant to a specific professionally-based schedule of frequency." Thus Carr argues that court erred by only considering whether eligible children who request EPSDT dental services receive such services at all, when it should also have considered whether they receive them in a timely manner as required by 1396d(r)(3).

The defendant, Patricia Wilson-Coker, first responds that reconsideration is not appropriate because the complaint does not assert a claim based on 1396d(r)(3). Wilson-Coker is correct that the complaint only lists 42 U.S.C. §§ 1396a(a)(43)(B) and 1396d(r)(1), and that the language used in the complaint is "failed to provide or arrange for" rather than failed to provide or arrange for *within a reasonable time*. There is, however, no formal requirement that a complaint must list every sub-section

of a statute that may support a claim.  The requirement is merely that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. Pro. 8(a)(2).  The principal function of pleadings under the Federal Rules is to give fair notice of the claim asserted, i.e., notice that will identify the nature of the case and enable the adverse party to answer and prepare for trial. See e.g., Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).  In the court's view, the complaint sufficiently put Wilson-Coker on notice to answer the claim as now stated.  Furthermore, Carr did refer to 1396d(r)(3) in both its motion for partial summery judgment and the accompanying memorandum of law.

Wilson-Coker next objects that Carr, in her motion for reconsideration, is presenting a novel argument and that the motion must therefore be rejected.  Carr's novel argument, Wilson-Coker asserts, is that the services enumerated in 1396d(r)(3) are not conditioned on a request for such services. Because the services outlined in 1396a(a)(43) and 1396d(r)(1) are conditioned on a request, Wilson-Coker contends that Carr is therefore arguing that 1396d(r)(3) "creates additional rights that far exceed the scope of 42 U.S.C. § 1396a(a)(43) and § 1396d(r)(1)."  The court disagrees with Wilson-Coker's assessment of Carr's argument and would in any case not give credence to such an argument as it has previously concluded that the right to

EPSDT services is conditioned upon making a request for such services.

The court therefore concludes that it made an error of law when it did not consider the timeliness requirement set out in 1396d(r)(3). It will next reconsider the merits of Carr's motion for summary judgment.

Carr argues that she has produced "reams of undisputed material evidence that vast number of class members, whose experiences are representative of the class as a whole, do not receive EPSDT dental services after they request them, or only receive them after undue delay, and do not receive them pursuant to the legally mandated periodicity schedule."

In her memorandum in opposition, Wilson-Coker does not respond directly to the evidence offered by Carr but argues that 1396d(r)(3) cannot create rights in recipients to receive dental services as it does not employ the kind of individually focused, rights creating language required under Gonzaga Univ. v. Doe, 536 U.S. 273 (2002). However, as Wilson-Coker admits, this court has previously ruled that 1396a(a)(43) creates enforceable rights in program recipients. 1396a(a)(43) refers to 1396d(r) for the description of the EPSDT services to which it creates a right. The court does not agree with Wilson-Coker, therefore, that Carr is contending that 1396d(r)(3) creates any rights. Rather it is merely defining the rights that are created by 1396a(a)(43).

4

In considering the factual record, the court does not agree with Carr that she has offered "reams of undisputed material evidence." Of the twelve examples of undisputed facts offered by Carr, Wilson-Coker disputes or qualifies eleven of them in her Local Rule 56(a)(2) Statement. Furthermore, although the court previously found that Carr has offered undisputed evidence that some children eligible for EPSDT dental services, who have requested such services, did not receive them "within a reasonable time or at a convenient location," there clearly remains a genuine issue of material fact as to whether the time to deliver these services failed the "reasonable standards of dental practice" (1396d(r)(3)) such that judgment should be afforded to Carr.

Therefore, while the motion for reconsideration is GRANTED, and the court agrees that it made an error of law when it did not consider the timeliness requirement set out in 1396d(r)(3), the court AFFIRMS its January 31, 2006, decision denying Carr's partial motion for summary judgement.

It is so ordered this 24th day of April, 2006, at Hartford, Connecticut.

Alfred V. Covello, U.S.D.J.