UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY CARR, *et al.*<br>　　Plaintiffs,<br><br>v.<br><br>PATRICIA WILSON-COKER, in her<br>official capacity as Commissioner of the State<br>of Connecticut Department of Social Services,<br>　　Defendant. | ) <br> ) <br> ) CIVIL ACTION No:<br> ) 3: 00 CV 1050 (AVC)<br> ) <br> ) JULY 23, 2007<br> ) <br> ) CLASS ACTION<br> ) <br> ) <br> ) |

## JOINT TRIAL MEMORANDUM

The parties, by their undersigned counsel, pursuant to Rule 16 of the Local Civil Rules for the District of Connecticut, and the Standing Order Regarding Trial Memoranda in Civil Cases, hereby submit their Joint Trial Memorandum in the above-captioned matter:

1.  **Trial Counsel**

For Plaintiffs, the following attorneys will act as trial counsel:

Jamey Bell
Fed. Bar No. CT15520
jbell@ghla.org
Greater Hartford Legal Aid
999 Asylum Ave., 3rd Floor
Hartford, CT 06105-2465
(860) 541-50466
Fax (860) 541-5050

Greg Bass
Fed. Bar No. CT18114
gbass@ghla.org
Greater Hartford Legal Aid
999 Asylum Ave., 3rd Floor
Hartford, CT 06105-2465
(860) 541-5018
Fax (860) 541-5050

Anne Louise Blanchard
Connecticut Legal Services, Inc.
Federal Bar No. ct 08718
872 Main Street
Willimantic, Connecticut 06226
Telephone: (860) 456-1761 x109
Fax: 860 456-7420
ablanchard@connlegalservices.org

Kristen Noelle Hatcher
Fed. Bar No. CT27002
khatcher@connlegalservices.org
Connecticut Legal Services, Inc.
587 Main Street
New Britain, CT 06051
(860) 225-8678 x108
Fax (860) 225-6105

For Defendant, the following will act as trial counsel:

Hugh Barber
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141
Tel: 860-808-5210
Fax: 860-808-5385
e-mail: hugh.barber@po.state.ct.us
Fed. Bar. No. ct08718

**2. Jurisdiction**

The Court's jurisdiction over this action is conferred by 28 U.S.C. § 1331.

3.   **Jury/Non-Jury**

This is a non-jury case.

4.   **Nature of the Case**

In this case, Plaintiffs allege that the state Department of Social Services' ("DSS") administration of the managed care organizations ("MCOs") which provide dental care to low income children has caused a grave shortfall of available care. Plaintiffs allege that DSS fails to

comply with federal law governing the Medicaid and Early, Periodic, Screening and Diagnosis ("EPSDT") programs, which require that the state ensure reasonable and adequate access to oral health services furnished by participating dental providers to child recipients of HUSKY A, Connecticut's Medicaid program. The alleged failure of the Defendant to provide adequate minimal dental care has resulted in an escalating statewide health care crisis for low-income persons dependent upon HUSKY A, who are increasingly unable to access adequate oral health care.

On March 30, 2001, the Court certified the class of adult recipients of state dental care and a subclass of child recipients of state dental care. Carr v. Wilson-Coker, 203 F.R.D. 66 (D. Conn. 2001). The Court found that the class and sub-class originally encompassed over 300,000 children and adult Medicaid recipients in Connecticut. *Id.* at 73. On January 19, 2006, the Court granted partial summary judgment to Defendant regarding non-EPSDT dental care issues. On January 27, 2006, the Court denied defendant's motion for partial summary judgment? regarding the EPSDT/children sub-class.

5.   **Stipulations of Fact and Law**

   **A.** *Stipulations of Fact*:

   Please see Attachment A: Stipulations of Fact.

   **B.** *Stipulations of Law*:

   Please See Attachment B: Stipulations of Law

6.   **Plaintiffs' Contentions**

Seventh Cause of Action:  DSS' Failure to Inform of EPSDT Program

The Defendant has failed to implement the requirement that Medicaid beneficiaries under age 21 be effectively informed of the availability of early and periodic screening, diagnostic and

3

treatment services, including dental services, and of the benefits of preventative health care, in violation of 42 U.S.C. §1396a(a)(43); 42 C.F.R. §441.56(a) and 42 U.S.C. §1983.

<u>Eighth Cause of Action</u>: Failure to Provide Dental Screening, Diagnosis and Treatment to the child subclass.

The Defendant has failed to provide or arrange for the provision of: periodic dental screens to assess Plaintiffs' dental health, diagnostic dental services, and treatment identified during the dental screens, in violation of 42 U.S.C. §1396a(a)(43)(B) and §1396(r)(1)(A); 42 C.F.R. 441.56(b)(1)(vi); and §441.56(c) and 42 U.S.C. §1983.

<u>Ninth Cause of Action</u>: DSS' Failure to Provide Case Management and Transportation Assistance to EPSDT services.

The Defendant has failed to provide transportation and case management services to enable Plaintiffs to obtain dental services required under the EPSDT program, in violation of 42 U.S.C. §1396(a)(3) and §1396d(a)(19); 42 C.F.R. §441.62; 42 U.S.C. §1983.

7. **Defendant's Contentions**

The Defendant is not asserting any affirmative claims. The Defendant's affirmative defenses essentially involve issues of law, notably whether a section 1983 cause of action is available to Plaintiffs to assert the claims that remain pending in the Complaint, after the Court's summary judgment ruling. Factual findings are not necessary with respect to these defenses. The Defendant generally denies the factual allegations in Plaintiffs' Complaint. Defendant's factual contentions are stated in the Defendant's proposed findings of fact (Attachment H).

8. **Legal Issues**

A) Whether Defendant DSS Commissioner fails to ensure the provision of EPSDT services to the Plaintiff "Child Subclass", in violation of 42 U.S.C §1396a(43) and

4

§1396d(r)(1)(A), and the implementing regulations at 42 CFR §441.56(a); 441.56(b)(1) (iv) and §441.56(c).

B) Whether Defendant DSS Commissioner fails to ensure the provision of case management for EPSDT services to the Plaintiff subclass in violation of 42 U.S.C §1396(a)(43); and §1396d(a)(19) and the implementing regulation at 42 CFR §441.62.

C) Whether Defendant DSS Commissioner fails to ensure the informing of the Plaintiff subclass regarding EPSDT services, in violation of 42 U.S.C §1396a(43) and §1396d(r)(1)(A), and the implementing regulations at 42 CFR §441.56(a); 441.56(b)(1) (iv) and §441.56(c).

D) Whether Defendant DSS Commissioner fails to ensure the provision of transportation for EPSDT services for the Plaintiff subclass EPSDT services, in violation of 42 U.S.C §1396a(43) and §1396d(r)(1)(A), and the implementing regulations at 42 CFR §441.56(a); 441.56(b)(1) (iv) and §441.56(c).

9. **Voir Dire Questions**

**Not Applicable**

10.    **List of Witnesses**

A. *Plaintiffs*:

Please see Attachment C.

B. *Defendant*:

Please see Attachment D.

11.    **Exhibits**

A. *Plaintiffs*:

Please see Attachment E.

**B.** *Defendant*:

Please see Attachment F

**12.    Deposition Testimony**

**A.** *Plaintiffs*:

The Plaintiffs will introduce deposition testimony from two witnesses who are now deceased: Dr. Donald Greiner and Dr Bertrand Pelletier. Plaintiffs will also introduce deposition testimony from Marc Ryan, former Secretary of the State of Connecticut Office of Policy and Management, who has relocated to Florida.

Marc Ryan – Transcript page nos.: 102-105, 119, 122-128, 133-137, 140-149, 152-156, 158-159, 170-180, 182-183, 186, 189-212, 214-216, 218-246, 251.

Donald G. Greiner, DDS, MSC – Transcript page nos.: 12-13, 16-19, 22-28, 30-34, 36, 38-39, 44-60, 63-79, 85-86, 93-95, 99-102, 105-109, 135-138, 143-147.

Bertrand Pelletier, DDS – Transcript page nos.: 13-21, 24-25, 28-32, 35-42, 44-46, 49-60, 70, 77, 79, 82-84.

Plaintiffs reserve the right to use additional deposition testimony to rebut any deposition testimony introduced by Defendants.

**B.** *Defendant*:

The Defendant does not intend to offer deposition transcripts, provided that the Defendant reserves the right to designate additional pages for inclusion if the Plaintiffs designate excerpts of depositions of unavailable witnesses without designating the entire transcript. The Defendant also reserves the right to utilize deposition transcripts for purposes of cross-examination.

**13.    Requests for Jury Instructions**

**Not Applicable**

**14.    Anticipated Evidentiary Problems**

On June 27th, 2007, the Court issued an Order referring the case to Magistrate Judge Thomas P. Smith for settlement. Magistrate Judge Smith has scheduled the settlement conference for August 29, 2007. The parties intend to either achieve settlement or narrow the issues for trial and should be able to identify any remaining evidentiary issues after that time.

15. **Proposed Findings and Conclusions**

    **a. Proposed Findings of Fact**

Please See Attachment G: Plaintiffs Proposed Findings of Fact, Attachment H: Defendant's Proposed Findings of Fact.

    **b. Proposed Conclusions of Law**

Please See Attachment I, Plaintiffs' Proposed Conclusions of Law; Attachment J: Defendants' Proposed Conclusions of Law.

16. **Trial Time**

**The parties anticipate trial will last two weeks**

17. **Further Proceedings**

The Court has referred the parties, at their request, for a settlement conference with Judge Magistrate Thomas P. Smith, scheduled for August 29, 2007.

18. **Election for Trial by Magistrate**

The parties do not request trial by magistrate.

_/s/ Anne Louise Blanchard_
Anne Louise Blanchard
Connecticut Legal Services, Inc.
Federal Bar No. ct 08718
872 Main Street
Willimantic, Connecticut 06226
Telephone: (860) 456-1761 x109
Fax: 860 456-7420
ablanchard@connlegalservices.org

\_\_\_\_\_/s/_____
Hugh Barber
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141
Tel: 860-808-5210
Fax: 860-808-5385
e-mail: hugh.barber@po.state.ct.us
Fed. Bar. No. ct08718

Jamey Bell
Fed. Bar No. CT15520
jbell@ghla.org
Greater Hartford Legal Aid
999 Asylum Ave., 3rd Floor
Hartford, CT 06105-2465
(860) 541-5002
Fax (860) 541-5050

Greg Bass
Fed. Bar No. CT18114
gbass@ghla.org
Greater Hartford Legal Aid
999 Asylum Ave., 3rd Floor
Hartford, CT 06105-2465
(860) 541-5018
Fax (860) 541-5050

Kristen Noelle Hatcher
Fed. Bar No. CT27002
khatcher@connlegalservices.org
Connecticut Legal Services, Inc.
587 Main Street
New Britain, CT 06051
(860) 225-8678 x108
Fax (860) 225-6105

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2007, a copy of the foregoing Joint Trial Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties and persons by operation of the Court's's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CNM/ECF System.

_____
Anne Louise Blanchard