**Joint Trial Memorandum Attachment B: Stipulations of Law**

1.  Plaintiffs' seventh claim for relief asserts, with respect to the child subclass only, that "(t)he defendant has failed to implement the requirement that Medicaid beneficiaries under age 21 be effectively informed of the availability of early and periodic screening, diagnostic and treatment services, including dental services, and of the benefits of preventive dental health care, in violation, 42 U.S.C. § 1396a(a)(43), 42 C.F.R. § 441.56(a) and 42 U.S.C. §1983."

2.  42 U.S.C. § 1396a (a)(43)(A) addresses "EPSDT informing".  It provides, in pertinent part that:

> (a) A state plan for medical assistance shall-
> …
> (43) provide for-
>
> (A) informing all persons in the State who are under the age of 21 and who have been determined to be eligible for medical assistance … of the availability of early and periodic screening, diagnostic, and treatment services as described in section 1396(r) of this title and the need for age-appropriate immunizations against vaccine-preventable diseases.

3.  42 C.F.R. 441.56(a) provides, in pertinent part, that:

> **42 C.F.R. § 441.56 Required activities**
>
> **(a)** *Informing.* The agency must-
>
> (1)  Provide for a combination of written and oral health methods designed to inform effectively all EPSDT eligible individuals (or their families) about the EPSDT program.
>
> (2)  Using clear and non technical language, provide information about the following:
>
> > (i)  The benefits of preventive health care;
> >
> > (ii)  The services available under the EPSDT program and where and how to obtain those services; …

(iv)  That necessary transportation and scheduling assistance described in § 441.62 of this subpart is available to the EPSDT individual upon request.

4.  This Court, in its January 19, 2006 Ruling on Defendants' Motion for Summary Judgment at pp. 27-31, ruled that 42 U.S.C. § 1396a (a)(43)(A) creates an enforceable right in members of the child subclass to be informed of the availability of EPSDT services.

5.  Plaintiffs' eight claim for relief asserts, with respect to the child subclass only, that, "The defendant has failed to provide or arrange for provision of periodic dental screens to assess plaintiffs' health; diagnostic dental services; and treatment identified during the dental screens, in violation of 42 U.S.C. §§ 1396a(a)(43)(B) and 1396d(r)(1)(A), 42 C.F.R. 441.56(b)(i)(vi) and 441.56(c) and 42 U.S.C. § 1983."

6.  42 U.S.C. § 1396a(a)(43)(B) provides, in pertinent part, that:

A state plan for medical assistance shall—

(43) provide for –

…
(B)      providing or arranging for the provision of such screening services in all cases where they are requested.

7.  42 U.S.C. 1396(r)(1)A) is a definitional section which defines EPSDT "screening services" as follows:

**(r)  Early and periodic screening, diagnostic, and treatment services.**  The terms "early and periodic screening, diagnostic, and treatment services means the following items and services:

(1)  Screening services –

(A)  which are provided-

(i)  at intervals which meet reasonable standards of medical and dental practice …, and

(ii) at such other intervals, indicated as medically necessary, to determine the existence of certain physical or mental illnesses or conditions.

8. Plaintiffs' ninth claim for relief asserts, on behalf of the child subclass only, that the defendant is violating 42 U.S.C. 1396a(a)(43), 1396d(a)(19), 42 C.F.R. § 441.62, and 42 U.S.C. § 1983 by not providing case management services, and transportation and scheduling assistance that is necessary to enable the plaintiff child subclass to obtain dental services.

9. 42 C.F.R. 441.62 provides as follows:

**441.62 Transportation and scheduling assistance.**

The agency must offer to the family or recipient, and provide if the recipient requests-

(a) Necessary assistance with transportation as required under §431.53 of this chapter; and

(b) Necessary assistance with scheduling appointments for services.

10. This Court ruled in its January 19, 2006 ruling on defendant's summary judgment motion at pp 33, 34, that since "case management" is listed in § 1396d(a) (at d(a)(19) ) as a service that may be covered by a state plan, it "is plausibly included in 'other measures' and consequently ... is one aspect of EPSDT services."