## Joint Trial Memorandum Attachment I:
## Plaintiffs' Proposed Conclusions of Law

1. Under Title XIX of the Social Security Act, Medicaid is a program cooperatively funded by the federal and state governments to provide medical assistance to individuals whose income and resources are insufficient to meet the costs of necessary medical services. 42 U.S.C. § 1396, *et seq.*

2. The Centers for Medicare and Medicaid Services ("CMS") of the U.S. Department of Health and Human Services ("HHS") is the federal agency which promulgates regulations, at, *inter alia,* 42 C.F.R. pt. 430 and pt. 441, which implement the Medicaid program and which are binding upon participating states.

3. As a state voluntarily participating in the Medicaid program, the State of Connecticut is required to administer its program pursuant to a state plan approved by the Secretary of HHS. 42 U.S.C. § 1396a.

4. As a state participating in the Medicaid program, the State of Connecticut is required to administer its program in compliance with federal Medicaid law. 42 U.S.C. § 1396a.

5. The United States Department of Health and Human Services ("HHS") reimburses the State of Connecticut, as a participating state, by matching the state's expenditures on the covered services provided through the Medicaid program. 42 U.S.C. §§ 1396, 1396a, 1396b.

6. The agreement between HHS and the State f Connecticut is evidenced in the State Plan for Title XIX. 42 U.S.C. § 1396a.

7. The State of Connecticut Department of Social Services ("DSS") is the single state agency responsible for the administration of the Medicaid program in Connecticut. 42 U.S.C. § 1396a(a)(5).

8. As the Commissioner of DSS, the defendant is charged with the statutory responsibility of administering the Medicaid program in the State of Connecticut. Conn. Gen. Stat. § 17b-2(8).

9. As the Commissioner of DSS, the defendant must ensure that the managed care organizations ("MCOs") are engaged in providing for "making medical assistance available, including at least the care and services listed in" 42 U.S.C. § 1396d(a)(1)-(5), to plaintiffs, and that this mandate is referenced in the State of Connecticut Medicaid plan. 42 U.S.C. § 1396a(a)(10)(A).

10. The obligation of the defendant to ensure the provision of "medical assistance" by the MCOs to the plaintiffs includes, by statutory definition, "early and periodic screening, diagnostic, and treatment [hereinafter "EPSDT"] services . . . for

1

individuals who are eligible under the plan and are under the age of 21." 42 U.S.C. § 1396d(a)(xiii)(4)(B).

11. As referenced in the State of Connecticut Medicaid Plan, the obligation of the defendant to ensure the provision of EPSDT services by the MCOs to the plaintiffs includes providing "screening services" provided at intervals meeting reasonable standards of dental practice, as determined by the State after consultation with recognized dental organizations involved in child health care" and other intervals deemed "medically necessary,", in order to determine the existence of certain illnesses or conditions. 42 U.S.C. § 1396d(r)(1)(A).

12. The provisions of 42 U.S.C. § 1396d(r)(1)-(4) require the State of Connecticut to adopt a "periodicity schedule" for EPSDT screening services, including dental services, that meets reasonable standards of medical and dental practice, and sets forth the stages at which persons in the State of Connecticut under age 21 who have been determined eligible for medical assistance, including the plaintiffs, should receive such services. 42 C.F.R. § 441.58; 42 U.S.C. § 1396d(r)(1)-(4).

13. As referenced in the State of Connecticut Medicaid Plan, the obligation of the defendant to ensure the provision of EPSDT services by the MCOs to the plaintiffs specifically includes providing "dental services" provided at intervals meeting reasonable standards of dental practice, as determined by the State after consultation with recognized dental organizations involved in child health care, as well as at other intervals deemed "medically necessary," in order to determine the existence of a suspected illness or condition, and which must "at a minimum include relief of pain and infections, restoration of teeth, and maintenance of dental health." 42 U.S.C. § 1396d(r)(3).

14. As referenced in the State of Connecticut Medicaid Plan, the defendant must ensure the provision of, or the arrangement for the provision of EPSDT dental screening services by the MCOs to all persons in the State of Connecticut under age 21 who have been determined eligible for medical assistance, including the plaintiffs, in all cases where they are requested. 42 U.S.C. § 1396a(a)(43)(B).

15. By failing to require the establishment by the MCOs of Medicaid reimbursement rates sufficient to attract an adequate number of dental providers to participate in the Medicaid program, the defendant has violated its statutory mandate to ensure reasonable access to the provision of, or the arrangement for the provision of EPSDT dental screening services for all persons in the State of Connecticut under age 21 who have been determined eligible for medical assistance, including the plaintiffs, in all cases where they are requested. 42 U.S.C. § 1396a(a)(43)(B).

16. As referenced in the State of Connecticut Medicaid Plan, the defendant must ensure the provision of, or the arrangement for the provision of medically necessary corrective dental treatment disclosed by EPSDT dental screening services by the MCOs to all persons in the State of Connecticut under age 21 who

2

have been determined eligible for medical assistance, including the plaintiffs. 42 U.S.C. § 1396a(a)(43)(C).

17. By failing to require the establishment by the MCOs of Medicaid reimbursement rates sufficient to attract an adequate number of dental providers to participate in the Medicaid program, the defendant has violated its statutory mandate to ensure reasonable access to medically necessary corrective dental treatment disclosed by EPSDT dental screening services for all persons in the State of Connecticut under age 21 who have been determined eligible for medical assistance, including the plaintiffs. 42 U.S.C. § 1396a(a)(43)(C).

18. As referenced in the State of Connecticut Medicaid Plan, the obligation of the defendant to ensure the provision of EPSDT services by the MCOs to the plaintiffs further includes providing for informing all persons in the State of Connecticut under age 21 who have been determined eligible for medical assistance, including plaintiffs, of the availability of these services. 42 U.S.C. § 1396a(a)(43)(A).

19. The defendant fails to ensure that the MCOs use a combination of written and oral methods to accurately, effectively, or reasonably inform all persons in the State of Connecticut under age 21 who have been determined eligible for medical assistance, including the plaintiffs, of the availability of EPSDT services, in violation of 42 U.S.C. § 1396a(a)(43) and 42 C.F.R. § 441.56(a); 42 C.F.R. § 441.56(a)(1).

20. The defendant fails to ensure that the MCOs use a combination of written and oral methods to accurately, effectively, or reasonably inform all persons in the State of Connecticut under age 21 who have been determined eligible for medical assistance, including the plaintiffs, of the benefits of preventive dental health care, in violation of 42 U.S.C. § 1396a(a)(43) and 42 C.F.R. § 441.56(a); 42 C.F.R. § 441.56(a)(1).