**Joint Trial Memorandum Attachment J:**
**Defendant's Proposed Conclusions of Law**

Seventh Claim for Relief

1. Plaintiff's seventh claim for relief asserts, with respect to the child subclass only, that "(t)he defendant has failed to implement the requirement that Medicaid beneficiaries under age 21 be effectively informed of the availability of early and periodic screening, diagnostic and treatment services, including dental services, and of the benefits of preventive dental health care, in violation, 42 U.S.C. § 1396a(a)(43), 42 C.F.R. § 441.56(a) and 42 U.S.C. §1983."

2. 42 U.S.C. § 1396a (a)(43)(A) addresses "EPSDT informing". It provides, in pertinent part that:

> (a) A state plan for medical assistance shall-
> ...
> (43) provide for-
>
> (A) informing all persons in the State who are under the age of 21 and who have been determined to be eligible for medical assistance ... of the availability of early and periodic screening, diagnostic, and treatment services as described in section 1396(r) of this title and the need for age-appropriate immunizations against vaccine-preventable diseases.

3. 42 C.F.R. 441.56(a) provides, in pertinent part, that:

> **42 C.F.R. § 441.56 Required activities**
>
> **(a)** *Informing.* The agency must-
>
> (1) Provide for a combination of written and oral health methods designed to inform effectively all EPSDT eligible individuals (or their families) about the EPSDT program.
>
> (2) Using clear and non technical language, provide information about the following –

(i)  The benefits of preventive health care;

(ii)  The services available under the EPSDT
program and where and how to obtain those services; …

(iv)  That necessary transportation and scheduling assistance
described in § 441.62 of this subpart is available to the EPSDT
individual upon request.

4.  This Court, in its January 19, 2006 Ruling on Defendants' Motion for Summary Judgment at pp. 27-31, ruled that 42 U.S.C. § 1396a (a)(43)(A) creates an enforceable right in members of the child subclass to be informed of the availability of EPSDT services.

5.  The evidence in the record at trial will demonstrate that the defendant, in conjunction with the MCOs, fully informs all members of the child subclass of the availability of EPSDT services, including what services are covered under EPSDT, the benefits of preventive health care, how to obtain such services, and that necessary transportation and scheduling assistance will be provided upon request.

6.  Plaintiffs will fail to meet their burden of proof of demonstrating systemic violations of the plaintiff child subclass' right to be informed about the availability of EPSDT services, thereby making class-wide declaratory or injunctive relief inappropriate.

**Eighth Claim for Relief**

7.  Plaintiffs' eight claim for relief asserts, with respect to the child subclass only, that, "The defendant has failed to provide or arrange for provision of periodic dental screens to assess plaintiffs' health; diagnostic dental services; and treatment identified during the dental screens, in violation of 42 U.S.C. §§ 1396a(a)(43)(B) and 1396d(r)(1)(A), 42 C.F.R. 441.56(b)(i)(vi) and 441.56(c) and 42 U.S.C. § 1983."

8.  42 U.S.C. § 1396a(a)(43)(B) provides, in pertinent part, that:

A state plan for medical assistance shall-

(43) provide for –

...

(B)    providing or arranging for the provision of such
screening services in all cases where they are requested.

9.  42 U.S.C. 1396(r)(1)A) is a definitional section which defines EPSDT "screening

services" as follows:

(r)  **Early and periodic screening, diagnostic, and treatment
services.**  The terms "early and periodic screening, diagnostic, and
treatment services means the following items and services:

(1)  Screening services –

(A)  which are provided-

(i)  at intervals which meet reasonable standards of medical and
dental practice ..., and

(ii)  at such other intervals, indicated as medically necessary, to
determine the existence of certain physical or mental illnesses or
conditions.

10.  42 C.F.R. 441.56 (b)(i) (vi) implements the EPSDT screening statutory requirement

of 42 U.S.C. 1396a(a)(43)(B) by providing that the agency must provide "screening" to

recipients who request it, including dental screening services starting at age three.

11.  42 C.F.R. 441.56(c) implements the EPSDT "corrective treatment" requirements of

42 U.S.C. §§ 1396a(a)(43)(C).  42 U.S.C. 1396a(a)(43)(C) is not plead in the Complaint as a

basis for relief.  42 C.F.R. § 441.56(c) provides, in pertinent part, that:

c.  *Diagnosis and treatment*

~~In addition to any diagnostic and treatment services included in the~~
plan, the agency must provide to eligible EPSDT recipients the
following services, the need for which is indicated by screening,
even if the services are not included in the plan-
...

3

(2) Dental care, at as early an age as necessary, needed for relief of plan and infections, restoration of teeth and maintenance of dental health.

12. In accordance with the plain language of 42 U.S.C. 1396a(a)(43), and 42 C.F.R. § 441.56, any individual "right" to receive EPSDT dental screening or corrective treatment services is conditioned on the member of the child subclass, acting by and through their adult relative, requesting such services. This Court so ruled in its January 19, 2006 ruling on defendant's summary judgment motion at pp 30, 31, in its January 31, 2006 ruling on plaintiffs' motion for partial summary judgment at p. 7, and in its April 25, 2006 ruling on plaintiffs' motion for reconsideration at p. 3, 4.

13. The MCOs indicate in their Member Handbooks that their enrolled members can access covered services, including EPSDT dental services for members of the child subclass, by either calling an enrolled provider directly and making an appointment or by calling the Member Services Department of the MCO and requesting Assistance in scheduling an appointment.

14. Dentists who participate in a MCO's provider Network are independent contractors whose relationship with the MCO is contractual. They have no authority to bend the MCO or to act as agent on behalf o the MCO.

15. The obligation to provide or arrange for covered EPSDT dental services is on the MCOs as a result of their contractual undertaking with DSS, not directly on any enrolled dentist. In accord, see the regulations applicable to Medicaid managed care in Part 438 of Title 42, Code of Federal Regulations.

~~16. In order to be entitled to EPSDT dental services, the members of the plaintiff~~ subclass must request such services from the MCO by requesting the MCO to provide or arrange such services by providing "scheduling assistance."

4

17. A refusal of an enrolled dentist to schedule an appointment when, for example, the dentist is not currently accepting new patients, is not, without more, a failure by the MCO to provide covered EPSDT dental services upon request.

18. The evidence at trial will show that the MCOs provide covered EPSDT dental services, including dental screens and corrective treatment, upon the request of members of the child subclass, acting by and through their caretaker relatives.

19. Plaintiffs will fail to meet their burden of proof of demonstrating systemic violations of the plaintiff child subclass "right" to receive EPSDT dental services upon request, such that class-wide declaratory or injunctive relief is not appropriate.

Ninth Claim for Relief

20. Plaintiffs' ninth claim for relief asserts, on behalf of the child subclass only, that the defendant is violating 42 U.S.C. 1396a(a)(43), 1396d(a)(19), 42 C.F.R. § 441.62, and 42 U.S.C. § 1983 by not providing case management services, and transportation and scheduling assistance that is necessary to enable the plaintiff child subclass to obtain dental services.

21. No provisions in 42 U.S.C. § 1396a(a)(43) confers any rights on the plaintiff child subclass, or imposes any corresponding obligations on the defendant, with respect to the provision of transportation and scheduling assistance related to the provision of EPSDT dental services.

22. Similarly, no provision in 42 U.S.C. 1396d(r), which is cross-referenced in § 1396a(a)(43), defines EPSDT services as including transportation or scheduling assistance.

23. 42 C.F.R. 441.62 provides as follows:

**441.62 Transportation and scheduling assistance.**

The agency must offer to the family or recipient, and provide if the recipient requests-

(a) Necessary assistance with transportation as required under §431.53 of this chapter; and

(b) Necessary assistance with scheduling appointments for services.

24. 42 U.S.C. § 1396d(a) defines the terms "medical assistance" as meaning Medicaid payment for covered services provided to eligible recipients. The medical services that may be covered by a state Medicaid plan are defined in § 1396d(a)(19) as including case management services.

25. None of the federal statutes or implementing federal regulations that confer "rights" on HUSKY families, or impose corresponding obligations an the defendant, specifically refer in any way to the provision for case management services as part of required EPSDT services.

26. Therefore, in order for case management services to be available as EPSDT services for members of the child subclass, it must be necessary "for corrective treatment the need for which is disclosed by such child health screening services, 42 U.S.C.§ 1396a(a)(43)(C), or, as more specifically defined in 42 U.S.C. § 1396d(r)(5), it must constitute "such other necessary health care, diagnostic services, treatment <u>and other measures described in subsection (a) of this section to correct or ameliorate defects and physical and mental illnesses and conditions</u> discovered by the screening services, whether or not such services are covered under the State plan."

27. This Court ruled in its January 19, 2006 ruling on defendant's summary judgment motion at pp 33, 34, that since "case management" is listed in § 1396d(a) (at d(a)(19) ) as a service that may be covered by a state plan, it "is plausibly included in 'other measures' and consequently ... is one aspect of EPSDT services."

28. Notwithstanding that case management services may plausibly be included within "other measures," it is <u>not</u> a <u>health care service</u>. Case management services, respectfully, are not, themselves, designed to "correct or ameliorate defects and physical and mental illnesses and conditions..." Instead, case management services involves the coordination and monitoring of other health care services with the <u>other</u> health care services being the services that are designed to correct or ameliorate defects and conditions. Members of the plaintiff subclass, therefore, do not have enforceable individual statutory rights to receive "case management services" under § 1983. The defendant respectfully requests this Court to reconsider its ruling on this issue as part of the final resolution of this claim by trial on the merits, consistent with the limited discretion of the Court to reconsider based upon law of the case principles.

29. Any individual right for a member of the child subclass to receive EPSDT case management services is contingent upon the need for the service being identified in a "screen" as being necessary to treat or correct a defect or condition. 42 U.S.C. § 1396a(a)(43)(C); 42 U.S.C. § 1396d(r)(5).

30. The MCOs are required to provide necessary case management services by the terms of their contracts with DSS, and the evidence at trial will show that they do provide case management services which are determined in an EPSDT screen as being necessary to treat a condition, subject to the MCO's right to review the medical necessity of the requested services.

31. Plaintiffs will fail to satisfy their burden of proof at trial of showing systemic violations of the child subclass' "right" to receive EPSDT case management services related to the provision of dental services because:

> a) plaintiffs will not demonstrate that the need for case management services has been identified as necessary in an EPSDT dental screen to correct dental disease in any, or in more than a small number of, cases; and

b) to the extent case management services has been identified in EPSDT dental screens as necessary to treat dental disease, plaintiffs will not demonstrate that the MCOs have failed to provide such services upon request.

32. In contrast to case management, which is described in §1396(a) and thus "plausibly" could be part of EPSDT services if it is identified as necessary in an EPSDT screen, transportation and scheduling assistance are not identified anywhere in the statute as services that the child subclass has a "right" to receive, not in the statutes that specifically address EPSDT services, 42 U.S.C. §§ 1396a(a)(43), 1396d(r), and not in the listing of covered services, § 13966d(a), that conceivably could be required "corrective treatment' services if they are identified as being necessary in an EPSDT dental screen.

33. Plaintiffs do not have any individual statutory right to "scheduling assistance" as EPSDT services such that a 1983 cause of action is not available to indicate any such "right." See, this Court's January 19, 2006 Summary Judgment Ruling at p. 35.

34. Plaintiffs similarly do not have any individual statutory right to "transportation assistance" as EPSDT services, such that a 1983 cause of action is not available to vindicate any such "right." Respectfully, this Court erred to the extent that it found that "transportation assistance" is subsumed within § 1396a(a)(6), which defines medical assistance as including "medical care, or any other type of medical care recognized under State law." January 19, 2006 Summary Judgment Ruling at p. 34 (emphasis in original). The regulatory obligation to provide "transportation assistance" is not predicated in any way upon § 1396d(a)(6), and the vague and amorphous provisions of 1396d(a)(6) are not intended to include medical transportation within its scope. The defendant respectfully requests this Court to reconsider, consistent with law of the case principles.

35. Medical or other remedial care provided by licensed practitioners, 42 U.S.C. § 1396d(a)(6), is more specifically defined by implementing regulation, 42 C.F.R. § 440.60(a) as meaning "medical or remedial care or services, provided by licensed practitioners within the scope of practice as defined under State law."

36. Medical transportation providers are not "licensed practitioners."

37. The provision of medical transportation is not "corrective treatment" 42 U.S.C. § 1396a(a)(43); therefore plaintiffs do not have an individual "right" to receive medical transportation services even if it is coverable by a state if it is found to be "an other measure described [in section 1396d]."

38. 42 U.S.C. § 1396d(r)(5) is a mere definitional section. It does not, therefore, on its own confer "rights" to receive services.

39. Assuming arguendo that § 1396d(r)(5) can and does confer "rights," medical transportation is not designed "to correct or ameliorate defects and physical and mental illnesses and conditions"; therefore, § 1396dr(r)(5); doe not confer individual rights to the child subclass to receive medical transportation services.

40. To the extent that medical transportation is arguably included within the scope of § 1396d(a)(6), any obligation to provide "medial transportation" would be limited to where medical transportation is identified in an EPSDT dental screen as being medically necessary to treat a dental condition as a special treatment service under 42 U.S.C. §§ 1396a(a)(43)(C) and 1396d(r)(5).

41. Any "right" to receive EPSDT case management services, medical transportation, or scheduling assistance is further limited to those situations where such assistance is requested by the member of the child subclass or his caretaker relative.

42.  Assuming arguendo that this Court does not reconsider and continues to find that the plaintiff subclass has enforceable rights to medical transportation under EPSDT, the plaintiff child subclass will not establish a violation of any "individual right" to receive "medical transportation services" related EPSDT dental services because:

a)  plaintiffs will not demonstrate that medical transportation has been identified as medically necessary to treat dental conditions in EPSDT dental screens; and/or

b)  the defendant, through the MCOs and their medical transportation subcontractors, comply with the regulatory and contractual requirements that require the MCOs to provide medical transportation services related to the provision of EPSDT dental services, by providing or arranging transportation services upon request.