# EXHIBIT B

## Summary Notice to Class Members in Federal Court Lawsuit

*You are part of the "class" of people receiving "HUSKY" dental care in the settlement of a "class action" lawsuit called <u>Carr v. Wilson-Coker</u>. This lawsuit is being settled in federal court in Hartford, Connecticut.*

**THE SETTLEMENT OF THIS CASE IS MEANT TO <u>HELP YOU FIND DENTAL CARE</u>. YOUR MEDICAID BENEFITS <u>WILL NOT BE CHANGED IN ANY WAY</u> BY THE SETTLEMENT AGREEMENT IN THE LAWSUIT.**

In 2000, Ms. Carr and others filed this case against the Department of Social Services (DSS), **to help people find dentists who agree to take Medicaid HUSKY A benefits**. DSS and the class have made an agreement to end the lawsuit, if the Court approves it.

The federal court ruled that the class – people like you who are affected by this lawsuit -- includes all people who seek dental health services through the Medicaid HUSKY A program from DSS, now or in the future. This includes adults and children under 21.

The lawsuit was brought to improve the way DSS helps people get dental care on the Medicaid HUSKY A program. *It was not brought to get money damages for class members.* This notice tells what changes DSS and the class agreed to. It also explains how you can tell the Court if you *object* to the settlement of the case.

**Here is a summary of the changes.** *More detail is in the following pages*:
► If you ask, DSS will help you schedule an appointment with a dentist who accepts Medicaid.
► If you ask, DSS will help you with transportation to a dentist who accepts Medicaid.
► DSS is paying higher fees to encourage more dentists to accept Medicaid.
► DSS will "carve out" Medicaid dental services from the managed care companies.

**There will be a hearing on ___, at ___ a.m/p.m before Judge Alfred V. Covello, at the United States District Court, 450 Main Street, Hartford, CT 06103. At the hearing, the Court will consider the Settlement Agreement. Class members can object to the Settlement Agreement at the hearing.**
<u>**YOU DO NOT HAVE TO GO TO THE HEARING, OR DO ANYTHING ELSE IF YOU DO NOT WANT TO OBJECT TO THE SETTLEMENT.**</u>

<b>CARR v. WILSON-COKER</b>, Civil Action No. 3:00 CV 1050 (AVC)<br>
United States District Court -- District Of Connecticut<br>
<i>NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND FAIRNESS HEARING</i>

**Purpose of this notice:** This notice concerns a proposed Settlement Agreement in a class action case, *Carr v. Wilson-Coker*, filed in the United States District Court, District of Connecticut. The Court preliminarily approved the Settlement Agreement on _____, 2008. There will be a court hearing where class members may object to the Settlement Agreement.

As certified on March 30, 2001 by the U.S. District Court, District of Connecticut, the plaintiff class members include:

"all individuals in Connecticut who are or will be eligible for Medicaid managed care Husky A benefits and are or will be seeking dental health services."

In addition, the Court certified a plaintiff subclass, part of the larger class, made up of children under age 21:

"all children in Connecticut who are now or will be under the age of 21, are or will be seeking dental health services, and are or will be eligible for Medicaid managed care Husky A benefits."

The lawsuit was brought against the Commissioner of the Connecticut Department of Social Services (DSS), who is known as the "defendant" in this case. The current Commissioner is Michael Starkowski. This notice talks about the background of the case, and the Settlement Agreement. It also tells you about the hearing where the Court will consider the Settlement Agreement, and how you may participate, if you choose to.

**Background:** This lawsuit was brought in June 2000, to challenge the alleged lack of dentists to help children and adults receiving HUSKY A Medicaid managed care benefits. The plaintiffs claimed that children and adults receiving Medicaid benefits under HUSKY A were unable to reasonably find dentists and other dental providers in their local communities who were willing to accept Medicaid and provide dental care to them. Plaintiffs also claimed that DSS had not made sure that dental providers were paid enough in fees for dental work they performed for patients who received Medicaid benefits. Plaintiffs claimed that this meant that children and adults receiving HUSKY A have often been unable to get dental services.

Specifically, plaintiffs claimed that the defendant allegedly violated federal Medicaid laws by:

- Failing to provide payments at a level adequate to attract a sufficient number of dental providers to allow Connecticut Medicaid recipients the same access to dental care enjoyed by the general population.
- Failing to provide payments at a level adequate to attract a sufficient number of dental providers to allow Connecticut Medicaid recipients to obtain necessary dental care with reasonable promptness.
- Failing to ensure that Medicaid recipients under age 21 were effectively informed of the availability of dental services, including the benefits of preventive dental health care, under the Early and Periodic, Screening, Diagnostic and Treatment (EPSDT) program.
- Failing to ensure the provision of periodic dental screens to assess dental health, diagnostic dental services, and treatment identified during the dental screens, to Medicaid recipients under age 21, under the EPSDT program.

- Failing to provide appointment scheduling assistance, transportation, and case management services to help Medicaid recipients under age 21 obtain dental health care, under the EPSDT program.

Attorneys for the plaintiffs, with assistance from experts, attempted to reach the best agreement possible.

*Class and subclass members will not be able file another lawsuit in federal court covering issues addressed in this case for four years after this Settlement Agreement is approved.*

**Fairness hearing:** The Court is holding a "fairness" hearing to consider whether the Settlement Agreement is fair, reasonable and adequate. It is scheduled for _____, 2008 at _____ am/pm before Judge Alfred V. Covello, Courtroom ____, United States District Court, 450 Main Street, Hartford, Connecticut 06103.

*Class and subclass members do not have to attend the fairness hearing in Court, but may attend and comment on or object to the Settlement Agreement.*

**Procedure to comment on or object to the settlement agreement at the fairness hearing:** Anyone may come to the fairness hearing. *If you want to comment on or object to the Settlement Agreement at the fairness hearing, you must first do the following:*

1. On or before _____, 2008, file a <u>written</u> "Notice of Intent to Comment" with the Court. Your "Notice of Intent to Comment" must identify the case, *Carr v. Wilson-Coker,* Civ. Action No. 3:00 CV 1050 (AVC), include your name and address, and briefly indicate your comment or objection, and the basis for your comment or objection.
2. The *original* of your "Notice of Intent to Comment" must be mailed or delivered to: Clerk, United States District Court, District of Connecticut, 450 Main Street, Hartford, Connecticut 06103.
3. *Copies* of your "Notice of Intent to Comment" must also be mailed or delivered to the following:
   <u>Plaintiffs' Counsel</u>:
   Jamey Bell and Greg Bass, Greater Hartford Legal Aid, 999 Asylum Avenue, 3rd Floor, Hartford, CT 06105
   <u>Defendants' Counsel</u>:  Hugh Barber, Office of the Attorney General, 55 Elm St., P.O. Box 120, Hartford, CT 06141-0120

**Additional information:** If you want a copy of the Settlement Agreement or have questions about the lawsuit, contact one of the following attorneys who represent the plaintiff class:

- For <u>Hartford County,</u> contact Jamey Bell, 860-541-5046, or Greg Bass, 860-541-5018.
- For <u>any other location in the state</u>, contact Anne Louise Blanchard, 1-800-413-7796 ext. 109.

The proposed Settlement Agreement is posted on the Department of Social Services website:

**Terms of the Settlement Agreement:** After extensive negotiation, the parties arrived at the proposed Settlement Agreement. The terms include the following:

- The defendant agrees, effective July 1, 2008, to "carve" dental services out of Medicaid managed care, and to administer coverage of the dental services benefits directly, with the assistance of a single contracted administrative services organization ("ASO") which will perform administrative functions connected with the program.
- Effective July 1, 2008, DSS will directly reimburse participating providers for providing covered Medicaid dental services, at levels at least equal to the fee schedule for child subclass members, attached as Exhibit "A" to the Settlement Agreement. These fees represent significant increases for

dental reimbursement rates. Dental services for adults will be reimbursed at 52% of the fee levels for children.
- DSS agrees to expend, beginning in the state fiscal year that first commences after the Court's approval of the Settlement Agreement, at least $20 million dollars per year in additional expenditures over base year amounts, for the coverage of dental services to plaintiff subclass children, during the term of the agreement.
- DSS will conduct an aggressive program of provider recruitment, in cooperation with various entities, that is designed to encourage dentists, dental hygienists, and clinics and hospitals that provide dental services, to become Medicaid program providers.
- DSS will change the written eligibility notice currently provided to HUSKY A families, to include information about the availability and importance of EPSDT dental services, including recommended child periodicity schedules for preventive and diagnostic screening dental services, as well as the coverage options for necessary treatment. The notice will tell HUSKY A families how they can identify participating providers, and how to obtain appointment scheduling and transportation assistance, and case management services.
- DSS or the ASO will electronically monitor the receipt of dental services by child subclass members through provider reimbursement claims, and will issue automatic reminder notices to families, if EPSDT dental services are not received with the recommended periodicity schedule.
- DSS, acting through the ASO, will provide dental appointment scheduling assistance and medical transportation to requesting HUSKY A families for eligible child subclass members seeking dental treatment.
- DSS, acting through its ASO, will ensure that HUSKY A families requesting the scheduling of a dental appointment for child subclass members will actually receive an appointment with a participating provider. The scheduling of the appointments will follow specific timelines and geographic distances, for cooperating families.
- DSS will propose a regulation making the failure of the agency to assist a requesting HUSKY family in obtaining a dental appointment for a child, or to provide medical transportation to a dental appointment for a child, a "denial" of assistance that is appealable through the administrative fair hearing process.
- DSS will cover EPSDT dental case management as a covered service for HUSKY A children, under specific conditions.
- DSS will re-establish its Dental Policy Advisory Committee to provide recommendations regarding measures to eliminate dental access barriers, and the development of HUSKY A recipient dental outreach and educational materials.
- DSS agrees to expend $5 million dollars in the current fiscal year on specified program grants to safety net providers, the Connecticut State Dental Association, and for provider outreach, which are designed to promote dental access, prior to the implementation of the increased Medicaid reimbursement rates.
- DSS agrees to provide detailed, periodic sets of reporting to plaintiffs for monitoring purposes, designed to assess performance of specified dental access benchmarks.
- DSS has already assisted in the provision of state bond and private demutualization grant funds to enable the opening of new federally qualified health center dental clinic space, and to replace or install over 100 dental chairs and related equipment.
- DSS will pay plaintiffs' counsel $300,000.00, representing $190,000.00 in attorney's fees and $110,000.00 in court costs.
- The Settlement Agreement will be effective for four years following approval by the Court.