UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY CARR, *et al.*, <br>     Plaintiffs <br><br> v. <br><br> PATRICIA WILSON-COKER, in her official capacity as Commissioner of the State of Connecticut Department of Social Services, <br>     Defendant. | CIVIL ACTION NO. <br> 3:00 CV 1050 (AVC) <br><br> August 21, 2008 <br><br> CLASS ACTION |

## **ORDER GRANTING APPROVAL OF CLASS ACTION SETTLEMENT**

The parties' Joint Motion for Final Approval of Settlement Agreement, filed on August 21, 2008, came on for hearing before this Court on August 26, 2008. The Court, having considered the papers submitted by the parties in support of their motion and having heard oral argument and the testimony of class members, hereby, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, FINDS AS FOLLOWS:

1. This Court certified the Plaintiff class in this matter on March 31, 2001,

    pursuant to Fed. R.Civ. P. 23(a) and (b)(2), as follows:

    all individuals in Connecticut who are or will be eligible for Medicaid managed care Husky A benefits and are or will be seeking dental health services.

The Court further certified a plaintiff subclass consisting of:

   all children in Connecticut who are now or will be under the age of 21, are or will be seeking dental health services, and are or will be eligible for Medicaid managed care Husky A benefits.

Carr v. Wilson-Coker, 203 F.R.D. 66, 76 (D. Conn. 2001).

1

2. The parties in this matter have reached an agreement to settle all issues remaining outstanding in the litigation, subject to approval of the Court pursuant to Fed. R. Civ. P. 23(e). The Court has read and considered the Settlement Agreement signed by the parties and setting forth the terms and conditions of the proposed settlement, attached as Exhibit A to their "Joint Motion for Preliminary Approval of Settlement Agreement and Class Notice, and to Set a Date for a Final Fairness Hearing and Final Settlement Approval" filed May 1, 2008, and the parties to the Settlement Agreement have consented to the entry of this Order.

3. The Court further makes the following specific findings in accordance with Fed. R. Civ. P. 23(e) and City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds*, Goldberger v. Integrated Resources, Inc., 209 F.3d 43 (2d Cir. 2000).

a. The Settlement Agreement negotiated by the parties was reached after extensive discovery including depositions of several experts and of the principals who administer programs of the Connecticut Department of Social Services (DSS). This Agreement reflects the expertise gleaned from this discovery. Negotiations between the parties were continued over a period of two years, including mediation sessions guided by the Honorable U.S. Magistrate Judge Thomas Smith. Agreement was based on arm's length negotiations, and represents significant gain for the plaintiff class, as well as some compromise by both parties.

b. Due and sufficient notice has been given in a reasonable manner to all class members who would be bound by the settlement. Individual notices were mailed to 127,356 DSS program participants, targeting all programs that potentially serve class

members. Notices were sent in English or Spanish, according to DSS records of the participant's primary language. Poster size versions of the notices in English and Spanish were posted in all DSS offices. Copies of the notice and of the agreement were posted on the DSS website.

    c. Six written comments were received from class members and plaintiffs' counsel spoke with over 100 callers to provide further explanation of the Agreement.

    d. The response from class members about the Settlement Agreement was overwhelmingly positive.

    e. The Agreement was reviewed at a joint public hearing before the Judiciary, Human Services and Appropriations Committees of the Connecticut General Assembly and approved by both chambers of the Connecticut General Assembly pursuant to Connecticut General Statutes 3-125a.

    f. A class action settlement fairness hearing was held before the Court, pursuant to Fed. R. Civ. P. 23(e)(2), on August 26, 2008 at which counsel for both sides presented the Agreement.

    g. The court has reviewed: the history of this litigation including its expense, complexity and the likely duration of continued litigation; the reaction of the class to the settlement; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability and maintaining the class action through trial; and the ability of the defendants to withstand a greater judgment, and finds the Agreement fair, reasonable and adequate in light of all of the above factors.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement is approved in its entirety.

2. Attorneys' fees and costs in the total amount of $300,000 for plaintiffs' attorneys are approved.

3. As stipulated by the parties in their Settlement Agreement, the Court will retain jurisdiction of this case for a period of four years from the date of this Order. Thereafter the case shall be automatically dismissed with prejudice, without any requirement that a party move for dismissal. Any further enforcement action, if any, shall be governed by the terms of the Settlement Agreement.

IT IS SO ORDERED.

Dated and entered this _____ day of _____, 2008, in Hartford, Connecticut.

_____
ALFRED. V. COVELLO, Judge