UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
MARY CARR, et al.,                :
   Plaintiffs,                    :
                                  :
v.                                :   Civil No. 3:00CV01050(AVC)
                                  :
PATRICIA WILSON-COKER             :   CLASS ACTION
in her official capacity as       :
commissioner of the               :
Department of Social              :
Services,                         :
   Defendant.                     :
```

**ORDER GRANTING APPROVAL OF CLASS ACTION SETTLEMENT**

The parties' joint motion for final approval of settlement agreement, filed on August 21, 2008, came on for hearing before this court on August 26, 2008. The court, having considered the papers submitted by the parties in support of their motion and having heard oral argument and comments, hereby, pursuant to Federal Rule of Civil Procedure 23(e), finds as follows:

1.  This court certified (document no. 32) the plaintiff class in this matter on March 30, 2001, pursuant to Fed. R. Civ. P. 23(a) and (b)(2), as follows:

    > all individuals in Connecticut who are or will be eligible for Medicaid managed care Husky A benefits, and are or will be seeking dental health services.

    The court further certified a plaintiff subclass consisting of:

1

> all children in Connecticut who are now or will be under the age of 21, are or will be seeking dental health services, and are or will be eligible for Medicaid managed care Husky A benefits.

2. The parties in this matter have reached an agreement to settle all issues remaining outstanding in the litigation, subject to approval of the court pursuant to Fed. R. Civ. P. 23(e). The court has read and considered the settlement agreement signed by the parties and setting forth the terms and conditions of the proposed settlement, attached as Exhibit A to their joint motion for preliminary approval of proposed settlement agreement and class notice, filed on May 1, 2008 (document no. 172), and the parties to the settlement agreement have consented to the entry of this order.

3. The court further makes the following specific findings in accordance with Fed. R. Civ. P. 23(e) and City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds,* Goldberger v. Integrated Resources, Inc., 209 F.3d 43 (2d Cir. 2000).

   a. The settlement agreement negotiated by the parties was reached after extensive discovery including depositions of several experts and of the principals who administer

    programs of the Connecticut Department of Social Services ("DSS"). The agreement reflects the expertise gleaned from this discovery. Negotiations between the parties were continued over a period of two years, including mediation sessions guided by U.S. Magistrate Judge Thomas P. Smith. Agreement was based upon arm's length negotiations, and represents significant gain for the plaintiff class, as well as some compromise by both parties.

b.    Due and sufficient notice has been given in a reasonable manner to all class members who would be bound by the settlement. Individual notices were mailed to 127,356 DSS program participants, targeting all programs that potentially serve class members. Notices were sent in English or Spanish, according to DSS records of the participant's primary language. Poster-size versions of the notices in English and Spanish were posted in all DSS offices. Copies of the notice and of the agreement were posted on the DSS website.

c.    Four written comments were received from class members and plaintiffs' counsel spoke with approximately 100

        telephone callers to provide further explanation of the agreement.

d.    The response from class members about the settlement agreement was overwhelmingly positive.

e.    The agreement was reviewed at a joint public hearing before the Judiciary, Human Services and Appropriations Committees of the Connecticut General Assembly and approved by both chambers of the Connecticut General Assembly pursuant to Connecticut General Statutes 3-125a.

f.    A class action settlement fairness hearing was held before the court, pursuant to Fed. R. Civ. P. 23(e)(2), on August 26, 2008, at which counsel for both sides presented the agreement.

g.    The court has reviewed: the history of this litigation including its expense, complexity and the likely duration of continued litigation; the reaction of the class to the settlement; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability and maintaining the class action through trial; and the ability of the defendants to withstand a greater judgment, and finds the agreement

>   fair, reasonable and adequate in light of all of the above factors.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The settlement agreement is approved in its entirety.

2. Attorneys' fees and costs in the total amount of $300,000.00 for the plaintiffs' attorneys are approved.

3. As stipulated by the parties in their settlement agreement, the court will retain jurisdiction of this case for a period of four years from the date of this order.  The clerk is directed to close the case without prejudice.  Upon completion of all of the terms of the settlement agreement, the parties shall file a notice of such completion with the court, at which time the case will be dismissed with prejudice.  Any further enforcement action, if any, shall be governed by the terms of the settlement agreement.

It is SO ORDERED this 26th day of August, 2008, at Hartford, Connecticut.

                                                  / s /
                                           Alfred V. Covello
                                           United States District Judge